State vs. Sheard and Smith.

## No. 8825.

THE STATE OF LOUISIANA VS. JAKE SHEARD AND JAMES SMITH.

Where, in a criminal case, no objection is made by the accused or his counsel to the charge delivered in writing when given, and no bill of exceptions taken thereto, and there is no proper assignment of errors, and complaint is for the first time made in this Court with respect thereto in the brief of counsel, the matter will not be reviewed by this Court, nor the sentence disturbed.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman, J.*

*J. C. Egan*, Attorney General, for the State, Appellee:

1. An assignment of errors in criminal, as in civil cases, must be written and filed within ten days after the filing of the record. Art. 862, C. P.: 13 An. 863.
2. "In like manner it is obvious, and so it is often stated to the jury, that a good character can have little or no practical weight with them in a clear case, where the evidence against the prisoner is direct and otherwise satisfactory." Bishop on Crim. Proc., Sec. 1063; Vol. 1 Crim. Law Mag., p. 800; Vol. 2, p. 261; Vol 3, pp. 256, 421 and 757.

*W. L. Evans* for Defendant and Appellant:

Evidence of good character, offered by the defendant, should be considered by the jury, and the jury alone, the same as any other fact. 3 Greenl. Ev., Sec. 25; Fields vs. The State, 47 Ala. 608; Waterman's Cr. Digest, p. 150.

The opinion of the Court was delivered by

TODD, J. The defendant Jake Sheard, charged with murder, was tried and convicted of manslaughter, and from a sentence of ten years' imprisonment at hard labor in the penitentiary, has appealed.

Without filing any written assignment of errors, his counsel suggests in his brief one single error, upon which he relies for a reversal of the sentence.

It is this:

That the Judge charged the jury, " that in a case of this kind evidence of character for peace and quiet is always admissible on behalf of the accused. But lawful as it is to introduce such evidence, the jury should see to it that it does not annul and destroy any direct evidence offered by the State in support of the charge brought against the accused."

This charge, when given, was not objected to in the court below; no bill of exceptions was taken to it, and from aught that appears in the record there is nothing to show that it was not fully acquiesced in by the accused when delivered, and the first complaint heard of it is in this Court, in the counsel's argument.

In the case of State vs. Beaird, 34 An. 106, this Court said:

" Although in writing, the Judge's charge was not excepted to. We held in State vs. Ricks that where the charge was in writing and in

the record, we would notice errors, *under proper assignment thereof,* although not presented by bill of exceptions. While not now over-ruling this opinion, which, however, is contrary to prior authority, (10 An. 453) and, therefore, to be strictly construed, we deem it proper to say that it is in every way preferable that charges should be excepted to when given, in order that the Judge may have an opportunity of explaining or correcting his charge at the time ; otherwise the defend-ant would be at liberty to take his chances of acquittal on the charge delivered, and, if convicted, to urge his objection in subsequent pro-ceedings. Only in cases of *gross* and *unambiguous* error will we sustain objections to the charge not made and presented by bill of exceptions at time of delivery." See also, State vs. Curtis, not yet reported.

We find no proper assignment of errors in this case and, besides, it does not present in other respects the conditions that, under the rule laid down in the decision above quoted, would authorize us to review the ruling or alleged error complained of. To the rule there an-nounced and now reasserted, we shall inflexibly adhere.

Judgment affirmed.