State vs. Brady et al.

## No. 10,003.

### THE STATE OF LOUISIANA VS. LUKE BRADY ET AL.

An indictment accusing a person of "maliciously, feloniously and willfully assaulting another by shooting at him," prefers a charge within the scope of Section 792 of the Revised Statutes, which contemplates four distinct offenses by means of an assault: one by "willfully shooting at," the second "with intent to commit murder," the third "with intent to commit rape," and the fourth "with intent to commit robbery." In charging the "assault by willfully shooting at," the pleader is not bound to aver or qualify the intent with which the assault was made.

In such a case it is correct to instruct the jury that to convict the accused as charged, they must reach the conclusion from the evidence that if death had ensued from the deed it was manslaughter.

In drawing indictments and informations for statutory offenses, district attorneys would facilitate the administration of justice by confining themselves within the words of the statute.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman*, J.

*M. J. Cunningham*, Attorney General, and *John C. Wickliffe*, District Attorney, for the State, Appellee.

*Robt. P. Hunter* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Luke Brady appeals from a conviction and a sentence to hard labor for one year, under an indictment which charged that Luke Brady and Peter Paul "did willfully, maliciously and feloniously assault one F. O. Nugent by willfully shooting at him," * * *

His complaint embraces four bills of exception, the substance of which, as suggested by his counsel, turns upon a proper construction of Section 792 of the Revised Statutes, under which the indictment rests and which reads as follows:

"Whoever shall assault another by willfully shooting at him, or with intent to commit murder, rape or robbery, shall on conviction thereof, be imprisoned at hard labor not exceeding two years."

In his bill, reserved to the refusal of his motion in arrest of judgment, the defendant urges in substance that the indictment charges no offense known to the laws of the State, that it fails to qualify the intent with which the offense is said to have been committed, and that, if the crime sought to be charged is shooting with intent to murder, the charge is defective because malice aforethought is not averred.

The fallacy of the argument is due to an erroneous construction of the plain language of the statute, and in requiring the qualification of the "willful shooting at" by the word intent, which has no reference thereto.

The leading idea or expression in the statute is in the words "whoever shall assault another," and not in the words "willfully shooting."

The statute denounces the offense of an assault by "willfully shooting at," which by itself is a complete and distinct offense without any other qualification than that of intent; it denounces the offenses of assault with intent to commit murder, rape or robbery—which are in themselves and each separately, distinct and complete offenses; and the statute finally prescribes the same penalty for each of the offenses thus denounced. State vs. Williams, 38 Ann. 372; State vs. Simien, 36 Ann. 924.

Now, as the indictment propounds the charge of a felonious, malicious and willful assault "by willfully shooting at," * * * it is clear that it does contain a charge of an offense known to our laws, since the same is specially denounced in the statute under discussion. And as the language used in the indictment is already redundant by the qualifications of the assault, which were not necessary under the terms of the statute, it is hardly in order for the defendant to suggest an improvement in its confection by adding the description of an intent, which is absolutely unnecessary.

Under these views, it becomes unnecessary to indulge with defendant's counsel in the idle discussion of the words or charges which the pleader should have used, if he had intended to charge the accused with an assault by "willfully shooting at another" with "intent to commit murder."

If such had been his intention, he would in all probability have preferred the charge which is covered by Section 791. The intention of the law-maker in providing for the offense of an assault with intent to commit murder in Section 792, is to define such an assault by any other mode but by "shooting at."

In his other bills the accused complains of the refusal of the district judge to give several special charges to the jury, altogether conveying the general idea that the State had intended to charge the accused with an assault by shooting at with intent to commit a murder. The judge properly refused the instructions requested by him in that sense, and in substance informed the jury that, to convict the accused as charged, they must reach the conclusion that if death had ensued from the deed, it would have been manslaughter. He correctly held that *malice* of itself is not murder in a homicide, and that it is only as *malice aforethought* that it becomes an essential ingredient in the charge and in the proof of murder.

This is conceded by defendant's counsel, as shown by the complaint

in his motion in arrest of judgment, touching the omission of the necessary words, "malice aforethought," if the charge was intended to contemplate murder. The whole difficulty arises out of the clumsy introduction of the words, *malicious, felonious* and *willful,* by the District Attorney as qualifying the assault charged, and which were not in the least necessary under the requirements of the statute.

District attorneys would doubtless find it an economy of labor to themselves and especially to the courts by following the very words of the statute in the confection of indictments or informations for statutory offences.

There is no force in the complaint that the judge erred in charging the jury that they could find either of the three following verdicts:

1.  Guilty as charged.
2.  Guilty of assault.
3.  Not guilty.

We can see no advantage to the accused himself, and no interest of justice to be subserved, by charging, as requested by defendant's counsel, that the jury could have returned some one of an almost infinite variety of verdicts.   "Sufficient unto the day is the evil thereof."

We find no error in the proceedings to the detriment of the accused, who has had the benefit of a most ingenious defense conducted by a mind of prolific resources. ·

Judgment affirmed.