No. 12,600.

STATE OF LOUISIANA VS. ELI BAZILE.

Act No. 59 of 1896 held not to violate the constitutional provision which requires every law enacted to embrace but one object and to express the same in its title.

The rule of criminal evidence requires the prosecution to establish the guilt of the accused by legal and sufficient evidence to the satisfaction of the jury beyond a reasonable doubt. It does not go further and require a *preponderance of* testimony

The jury being exclusive judges of the facts in a criminal prosecution may, as their judgment indicates, give effect to the testimony of certain of the witnesses and disregard that of others.

APPEAL from the Tenth Judicial District Court for the Parish of Avoyelles. *Cullom, Jr,. J.*

*M. J. Cunningham,* Attorney General, and *Phanor Breazeale,* District Attorney (*P. A. Simmons, Jr.,* of Counsel), for Plaintiff, Appellee.

*J. H. Overton* and *Alphonse V. Coco* for Defendant, Appellant.

Submitted on briefs December 31, 1897.
Opinion handed down January 10, 1898.
Rehearing refused 'January 24, 1898.

The opinion of the court was delivered by

BLANCHARD, J. The accused was indicted for assault with intent to rape, convicted and sentenced to five years at hard labor.

He appeals and presents as error the refusal of the trial judge to charge the jury on two special instructions asked for on his behalf.

The first was: "In a criminal trial the State must establish its case, not only by a preponderance of evidence, but by such proof as establishes the guilt of the accused to the satisfaction of the jury beyond a reasonable doubt."

The judge having already charged fully the law of "reasonable doubt," declined to give the special charge as worded, on the ground stated in the bill of exceptions, as follows: "Preponderance of evidence does not figure; it requires on part of the State proof of guilt by legal and sufficient evidence to establish the crime to the satisfaction of the jury and beyond a reasonable doubt."

There was no error in this. The rule of criminal evidence requires the State to establish the guilt of an accused person by legal and sufficient evidence to the satisfaction of the jury beyond a reasonable doubt. It does not go further and require *a preponderance of testimony*. It is for the jury to weigh the testimony of each witness called on behalf of the prosecution and defense and to give such effect to the same as in their judgment, under the sanction of their oaths, it may be entitled, always bearing in mind that unless they are satisfied, *from the whole evidence adduced*, of the guilt of the accused beyond a reasonable doubt they must acquit.

The second special instruction asked was: "Where two witnesses for the State contradict each other upon some material fact, it is the duty of the jury to disregard the testimony of both, especially if their testimony can not be reconciled."

The trial judge refused this on the ground that "the jury were sole and exclusive judges of the facts, and were authorized to regard or disregard the evidence or testimony of any witness, or witnesses, either in whole or in part, as in their judgment the testimony of said witness, or witnesses, was worthy of credit or not"—as he had already charged them.

There was no error here. The law is accurately stated by the judge.

A third ground urged for reversal of the verdict and sentence is that the law under which defendant was tried and convicted (Act

No. 59 of 1896) is unconstitutional, because its object is not clearly set forth in its title.

Act 59 of 1896 amends and re-enacts Sec. 792 of the Revised Statutes. It changes that section only in the term of punishment. The earlier law fixes the punishment for the offence denounced at "not exceeding two years;" the later law at "not more than twenty years."

The provision of the Constitution which the re-enacting law is claimed to have violated is Art. 29, which declares: "Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in the title."

The title of Act No. 59 is: "An act to amend and re-enact Sec. 792 of the Revised Statutes of 1870."

The point here raised is no longer an open question. It has been settled by adjudications of this court against the contention of the defendant. State ex rel. Mouton vs. Read, Judge ad hoc, 49 La. An.; State ex rel. Farrar vs. Garrett. 29 An. 637; State ex rel. Rills vs. Barrow, 30 An. 657.

Judgment affirmed.