On the Merits.
BREAUX, C. J.
The defendant was indicted for willfully and feloniously making *243 an assault upon T. W. Perrins by willfully and feloniously shooting at him (Perrins). The verdict of the jury found him guilty as charged. He was sentenced by the trial judge to be confined at hard labor in the state penitentiary for a period of seven years.
The defendant has raised several questions in his defense before this court;
In the district court he urged in his motion for a new trial that the verdict is contrary to the law and the evidence; and another, an issue of fact, was also raised in the district court. The motion was overruled. It was not followed by a bill of exception. The record does not contain a bill of exception. It does not appear that a motion to quash had been made, nor that a motion in arrest of judgment was made. In other words, no error was objected to below. There is an assignment of errors filed on appeal.
Ordinarily an- assignment may be filed to direct attention to some gross error committed has been held. State v. Sheard and Smith, 35 La. Ann. 543.
We none the less take up each point raised in the assignment of errors for consideration and decision.
The first is that the indictment does not charge the defendant with any crime, unless it be the crime of assault with a dangerous weapon, denounced by section 793 of the Revised Statutes, which defendant avers is only a misdemeanor. The defendant encounters difficulty in attempting to sustain this position, from the fact that he was not indicted under that section, but under section 792. It appears, further, that the words of the indictment charging the crime are the words of the section. The crime charged is felony, and not a misdemeanor, as urged by defendant, and the sentence of defendant for felony was a legal sentence in our view.
■ The next ground of defendant’s contention is that, if “assault by willfully shooting at” is one of the offenses denounced in Act No. 59, p. 93, of Acts 1896, then the penalty, exceeding the penalty permitted by Act No. 44, p. 37, of Acts 1890, is void.
In the latter the penalty is imprisonment “with or without hard labor” for not over three years; in the former, at “hard labor not over twenty years.” With reference to the former, it certainly seems to be pretty well settled that four crimes are denounced; the first being assault by “willfully shooting at.”
The view that it in itself constituted a crime was clearly expressed in State v. Brady, 39 La. Ann. 688, 2 South. 556, and that each of the other crimes denounced in the statute after the disjunctive “or”-is a distinct offense. This has been the accepted interpretation.
The statutes contain no expression which would warrant this court in holding that the penalty is void in so far as it exceeds the penalty laid down in Act 44 of 1890.
The crime denounced by section 792, Rev. St, under Act No. 59, p. 93, of 1896, remains as previously denounced, with the addition that it is classed as a felony punishable as before mentioned.
That act was declared legal in State v. Bazile, 50 La. Ann. 21, 23 South. 8; and in State v. Young, 104 La. 203, 28 South. 984, the court said;
“It has been held that an assault by willfully shooting at and an assault with intent to commit murder, as denounced in that section of the Revised Statutes, were two distinct and separate offenses.”
We think we should adhere to the view before expressed that the statute as originally enacted and as since amended denounces four distinct, separate,, and complete offenses.
True, it has been held, in construing certain statutes, that the word “or” may be read “and.” We are of the opinion that that may sometimes readily be done when a question comes up as an original question.
Here the expression has been interpreted, and the court held that it was to be taken as *244 written, without any change, and that each phrase denounced a crime. Brady Case, cited supra.
Our attention is invited hy the learned counsel to the marginal notes, among others to the marginal note of section 792, as follows: “Assault with intent to commit murder, rape, or robbery.” If we were to take this note as denoting the meaning of the section, it would leave no margin to hold, as was decided in the first cited- case, for it directly connects of the following crimes, murder, rape, or robbery as an essential of the crime, and that one of these crimes should form part of the crime to be charged in an indictment.
This note has not heretofore been taken as authority; in fact, very little reliance has heretofore been placed upon marginal notes, although, as stated by learned counsel, they were copied in the Revised Statutes of 1870 as headings. It remains that they .were considered only as headings leading to the sections, and not as forming part of the section. Under repeated decisions, we take the section as it reads, and not the margin.
We have considered the interesting decisions upon the subject and references to marginal notes cited and quoted by learned counsel in his brief. ' Although Interesting, the argument has not convinced us that we should change a prior ruling of this court, followed by several decisions having some bearing favorable to that ruling. Besides, we are confident that these headings were never intended to do more than facilitate reference to the text of which they form part only as headings.
True, “when the literal expressions of the law lead to absurd, unjust, or inconvenient consequences, such a construction should be given to avoid these consequences.” Doane v. Farrow, 9 Mart. (O. S.) 254.
The intent of the lawmaking power was to class the crime denounced as a felony. It does not, in our view, lead to the consequences urged.
The decision in Knowlton v. Moore, 178 U. S. 65, 20 Sup. Ct. 747, 44 L. Ed. 969, relating to marginal notes, and the quotations in Am. & Eng. Ency. of Law, vol. 26, p. 630, find application where ambiguity exists, and a literal interpretation will work out wrong and injustice. This court heretofore did not find that the proper interpretation lead to wrong and injustice.
The absurdity charged by defendant is not as manifest after a moment’s thought as it may be at first blush. The question of “intent” must be considered. In that view the crime of “shooting at” is not necessarily the lesser crime. The crime of “shooting” is limited to the “intention to kill.” Act No. 44 of 1890.
Provocation, fear of great bodily harm, or some other cause takes it out of the category of shooting with the intention to murder; while “shooting at” is not limited or qualified. It is the deliberate shooting at a person within shooting distance.
A deliberate act with evil intent.
“Willful,” “designed,” indicating a bad purpose, with “evil intent.” (Am. & Eng.) Oyc. vol. 12, p. '151.
The unlawful, criminal act of “shooting at” may be classed as a felony by the lawmaking power. It is not a mere “intent.” It is an act'which suggests a deliberate purpose to take human life. The lawmaking authority has the inherent power to prohibit any act as a crime. The court cannot look further into the propriety of penal statutes than, to ascertain whether it falls within the power of the Legislature. Oye. vol. 12, p. 136.
The judgment is affirmed.