(58 South. 518.)

No. 19,349.

STATE v. TOLLS.

(April 22, 1912.)

*(Syllabus by the Court.)*

INDICTMENT AND INFORMATION (§ 91*)—AL-
LEGATIONS—SUFFICIENCY.

In an indictment for an assault with intent to rob, under section 792, R. S., the word "willfully" is not necessary to its validity.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 261–265; Dec. Dig. § 91.*]

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Willie Tolls was convicted of assault with intent to rob, and appeals. Affirmed.

W. H. Todd, for appellant. Walter Guion, Atty. Gen., and C. J. Ellis, Dist. Atty. (G. A. Gondran, of counsel), for the State.

SOMMERVILLE, J. Defendant appeals from a verdict finding him guilty of an assault with intent to rob and the sentence of the court based thereon.

In the motion in arrest of the judgment of the trial court it was urged that the indictment was fatally defective in that it did not charge that the crime was done "willfully," in accordance with section 792, R. S.

We have before had occasion to examine section 792. It contemplates four distinct offenses: First, assault by willfully shooting at; second, assault with intent to commit murder; third, assault with intent to commit rape; fourth, assault with intent to commit robbery. State v. Samuels, 38 La. Ann. 457; State v. Brady, 39 La. Ann. 687, 2 South. 556.

The word "willfully" is used only in connection with the first offense; that of assault by willfully shooting at. The section is silent as to the word "willfully" in connection with the other three offenses embraced within its terms. The word "willfully" forms no part of the description of the three last offenses; and the indictment is therefore good under the statute.

The judgment appealed from is correct, and it is affirmed.