PBOYOSTY, J.
Plaintiff claims $3,130 damages of the defendant for the alleged destruction of his orange grove by defendant’s cattle, and $500 damages for mental suffering caused by the event, and $500 exemplary damages.
He alleges that 2,200 two year old trees, worth 40 cents apiece, were destroyed. The evidence leaves it doubtful whether plaintiff ever had that many of these small trees, or anything approaching that number, or that such number as he had were more than a year old, or that they were not dead, or as good as dead, before the time when defendant’s cattle are said to have destroyed them.
Plaintiff also alleges that 150 large trees, worth $15 apiece, were destroyed. These larger trees were, no doubt, injured, and more or less by cattle. But what was the loss thereby occasioned to plaintiff it is not possible to estimate, even approximately.
The facts are that plaintiff’s little orange grove is in the lower end of St. Bernard parish, and that a terrible storm came, which destroyed the fences and put the whole country some four to five feet under water — in fact, practically, devastated it— and that for some days, and even weeks, thereafter, thing were disorganized, and, among other troubles which could not be attended to immediately, cattle roamed at large —not alone those of defendant, but pretty much everybody’s — and did more or less damage to these larger trees, which damage, however, nature soon repaired.
Plaintiff’s grove was. not fenced; but whether this is or not a material circumstance we are unable to say, as the record fails to show what the law, or even the custom, was with regard to fences in that locality; that is to say, which, the cattle or the fields, were required to be fenced in, though the inference, from the evidence as a whole, would be that it was the former.
Under these circumstances, there is too much uncertainty as to the amount of damage done, and as to what part of it was done by defendant’s cattle, and even as to the existence of legal fault on the part of defendant, for plaintiff to be allowed to recover anything.
That was the view taken by our learned Brother of the trial court, who put the case in a nutshell thus:
“It is probable that respondent’s cattle did cause some of the damage complained of; but the court believes that, applying the doctrine of remote and proximate causes, the damage, if any, that may have been caused by respondent’s cattle, is not only too remote and inconsequential to be considered, but that it requires no deep analysis of facts to reach the conclusion that the proximate cause was an act of God. For these reasons, the court does not feel that plaintiff is entitled to relief.”
Judgment affirmed.