BREAUX, C. J.
Defendant was prosecuted for retailing spirituous or intoxicating liquors without having first obtained a license from the police jury. Two indictments charging that the defendant committed the crime on the 17th day of July, 1912, were found against him; they were consolidated for the trial. Similar defenses were made in each case. The accused was found guilty, and sentenced to pay a fine of $500, and to serve six months on the public works; in default of payment of the fine to serve six months additional.
Six months had elapsed from the date of the alleged crime to the date that the indictment was filed.
Defendant-pleaded the prescription of six months as a bar to the prosecution, and urged that Act 66 of 1902, under which he was prosecuted, is unconstitutional and void, for the reason that the act cited supra is an amendment to Act 83 of 1886; that it changed the nature of the act, makes of it a high crime, without in the title expressing the object of the law, and without setting forth anything in regard to the change sought to be made; that the time for the prescription to accrue also was changed. The accused further urged that Act 66 of 1902, under which he was prosecuted, as before stated, contains separate and conflicting penalties; that it is not sufficiently definite.
The District Court’s decision was that the act is constitutional, and that the accused had no legal ground of complaint; that there was no prescription.
The proposition that there was an illegal change as relates to the offense denounced by Act 83 of 18S6 from the offense' denounced in section 910 of the Revised Statutes suggests the importance of giving special attention to Act 83 of 1886. No question but that the purpose of this act was to amend section 910 of the Revised Statutes of 1870. The amending act provides, to wit:
“Whoever shall keep a grog or tippling shop or retail spirituous or intoxicating liquors without first obtaining a license from the police jury on condition shall be fined not less than one-hundred dollars or over five-hundred dollars, and imprisonment in default of payment: The minimum of imprisonment, thirty days; maximum, four months.”
The act of 1902 also excludes the following included in the former law:
“And in default of payment of fine and costs shall be imprisoned for a term within the discretion of the court, or shall suffer fine and im *1055 prisonment as the court may deem proper." (Italics ours.)
The penalty only is different from the penalty in section 910 of the Revised Statutes, and for that reason it is urged that there is an illegality and a violation of the Constitution.
[1] The change is made in this act of 1902 without mention in its title that the object is to make a change as relates to the penalty. There was no necessity of making any such mention in the title, for the reason, in the first place, that section 910 of the Revised Statutes is a misdemeanor. Act 66 of 1902 denounces a misdemeanor. “ The elements of the offense are the same in all of these acts. This change could be made as was done, for there is authority in the Legislature to alter and change the penalties of existing laws without mentioning in the title that the purpose is to amend a section as relates to the penalty. State v. Eubanks, 114 La. 430, 38 South. 407.
This case falls within the scope of the decision in State v. Bazil, 50 La. Ann.' 22, 23 South. 8, in which the court held that the point now invoked by defendant is no longer open to discussion; it has been repeatedly decided that the penalty may be changed without any mention of the proposed change in the title.
See, also, upon that subject, and entirely in line with what has been stated above. State ex rel. Mouton v. Read, Judge, 49 La. Ann. 1535, 22 South. 761; State ex rel. Rills v. Barrow, 30 La. Ann. 657, 50 La. Ann. 22, 23 South. 8.
Also, in the case in 50 La. Ann. 22, 23 South. 8, cited supra, it is laid down that punishments for a felony may be increased without mentioning' anything about the change in the title.
If this be true, as we think it is, it follows that the penalty may be increased as to misdemeanor without mention of the fact in the title.
[3] The object is sufficiently expressed in the title when the number of the section repealed is adequately given. 50 La. Ann. 22, 23 South. 8.
The number of the section here is given beyond all question.
[2] In the second place it is urged by defendant that the term of prescription has been changed, and that because of that change he cannot be prosecuted, for six' months had elapsed, which is the prescription he pleaded.
Defendant cannot obtain relief upon that' ground. There was no necessity of mentioning in the title anything regarding prescription; no reference need be made in a title of an act to the penalty, and there is equally good reason for holding that there is no necessity of mentioning prescription or change in that connection. State v. Bazil, 50 La. Ann. 22, 23 South. 8.
The court holds that an act to amend and re-enact certain sections of the Revised Statutes is sufficiently explicit if it refers to the section of the Revised Statute it is the purpose to amend. The courts will not listen to nice and fastidious verbal criticism and distinction in order to give effect to article 31 of the Constitution, regarding the title of an act.
The title of Act 66 of 1902 is sufficiently explicit as decided in State v. Hageman, 123 La. 809, 49 South. 530.
In the next place the point presented in a motion to quash is that the act contains separate and distinct penalties that are in conflict with each other.
We are not dealing with Act 83 of 1886, but with Act 66 of 1902. Under these acts, only one penalty can be imposed and the minimum fine. Under section 980 of the Re *1057 vised Statutes the maximum is twelve months’ imprisonment.
[4] Statute 66 of 1902 authorizes the imposition of a fine not less than $100 nor more than $500, and in default of payment he shall be imprisoned for a term at the discretion of the court, or shall suffer fine and imprisonment as the court may deem proper. Under the last alteration, he is condemned to imprisonment which cannot be over one year.
The fixing the minimum under the amending act of 1902 at $100 and the maximum at $500 shows-that the Legislature did not intend that the act should be construed with section 982, which provides a penalty of two years, but that it should be construed with section 980 of the Revised Statutes, which fixes the maximum at one year.
In construing Act 66 of 1902, we hold that the last clause, or finé and imprisonment, must be read into the first clausé of the act, relating to fines. In that way only have we succeeded in harmonizing the different provisions.
For reasons stated, the sentence and judgment are affirmed.
See concurring opinion of MONROE, J., 63 South. 517.