(93 South. 698)

## LOUISVILLE & N. R. CO. v. HAMBY.
### (6 Div. 633.)

(Supreme Court of Alabama. May 18, 1922.
Rehearing Denied June 30, 1922.)

1. **Carriers ⚖➡380(1)—Complaint alleging passenger was wrongfully ejected from train after purchasing tickets held sufficient.**

Complaint alleging that plaintiff and his children entered defendant's train with tickets purchased for passage, and were wrongfully ejected while passengers, was not subject to demurrer.

2. **Evidence ⚖➡121(11)—Statement by conductor to other passengers held admissible in action for ejecting plaintiff from train.**

Where, in an action for being wrongfully ejected from a train, there was evidence that plaintiff had purchased tickets, but could not find them when requested to produce them by the conductor, and that the conductor told him that he would have to get off at the next station and go back and look for his tickets, a statement by the conductor to other men on the train that "I haven't got time to fool with him here" was admissible as res gestæ.

3. **Witnesses ⚖➡268(3)—Cross-examination as to whether conductor ejected passenger while raising his fare held proper.**

In an action for being wrongfully ejected from defendant's train, cross-examination of the conductor as to whether he ejected plaintiff and his children when the other passengers were raising his fare, and after about one-fourth of the fare had been raised, was proper as tending to show whether the conductor gave plaintiff a reasonable time to present his ticket or pay his fare.

4. **Carriers ⚖➡384(2) — Instruction as to rule against collection for benefit of passenger held erroneous as not to be supported by evidence.**

In an action for being wrongfully ejected from a train for failure to pay fare, an instruction that a rule of the defendant that a conductor shall not allow a collection to be taken up for the benefit of the passenger is a reasonable rule was properly refused where there was no evidence to support it other than the statement of the conductor that he was not supposed to permit anything like that on the train.

5. **Carriers ⚖➡383—Refusal to give general affirmative charge with hypothesis for defendant in action for ejection from train held error.**

In an action for being wrongfully ejected from defendant's train, the refusal to give the general affirmative charge with hypothesis in favor of defendant was error where there was evidence that plaintiff was allowed 5 or 10 minutes to produce his tickets or pay his fare before he was ejected, and it was admitted that he had no money and no tickets.

Appeal from Circuit Court, Jefferson County: J. B. Aird, Judge.

Action for damages by J. W. Hamby against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Tillman, Bradley & Baldwin and John S. Coleman, all of Birmingham, for appellant.

Defendant's objection to the question calling for a statement made by the conductor to a third person should have been sustained. 22 C. J. 469; 148 Ala. 63, 41 South. 984. It was error to allow the question to the witness Moody whether he did not put plaintiff off the train when one-fourth his fare had been raised. 31 Ill. App. 435; 4 Ala. App. 354, 58 South. 963; 95 Ala. 392, 11 South. 8, 16 L. R. A. 55, 36 Am. St. Rep. 225; 11 Ala. App. 611, 66 South. 887; 137 Ala. 495, 34 South. 617; 174 Mo. 524, 74 S. W. 631; 10 C. J. 732; 2 Hutchinson on Carriers, 1265. The defendant was entitled to the general affirmative charge. 47 S. E. 206; 4 Ala. App. 353, 58 South. 963; 31 Ill. App. 435; 95 Ala. 392, 11 South. 8, 16 L. R. A. 55, 36 Am. St. Rep. 225; 11 Ala. App. 611, 66 South. 887.

C. E. Wilder and W. A. Jenkins, both of Birmingham, for appellee.

It is the duty of the conductor, before ejecting a passenger, to give him a reasonable time within which to pay his fare or find his ticket, and what is a reasonable time depends upon the circumstances of the particular case, and is a question for the jury. 4 Ala. App. 353, 58 South. 963; 10 C. J. 735; 91 N. C. 506, 49 Am. Rep. 647.

MILLER, J. This is a suit by J. W. Hamby to recover damages of the Louisville & Nashville Railroad Company for his alleged wrongful ejection from a passenger train of the defendant. There was a jury and verdict in favor of the plaintiff, judgment thereon by the court, and the defendant appeals.

[1] The cause was submitted to the jury on count A. Demurrers to it were overruled by the court, and this ruling of the court is assigned as error. This count, among other things, avers that:

"The plaintiff, in company with his minor children, took passage on one of defendant's trains at Evansville, Ind., intending to come on said train to Birmingham, Ala., plaintiff then and there having in his possession tickets purchased by the plaintiff, and entitling plaintiff and his said minor children to passage on the defendant's said train from Evansville, Ind., to Birmingham, Ala.; that on said date, while plaintiff and his said minor children were such passengers on said train, and at a point on said line known as Henderson, Ky., the defendant's conductor in charge of said train, who was then

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and there a servant, agent, or employé of the defendant, while acting within the line and scope of his employment by the defendant, did wrongfully eject the plaintiff and his said minor children from said train."

It avers plaintiff and his children entered the train with tickets purchased for passage, and such passengers were wrongfully ejected. The defendant owed plaintiff the duty to properly demand of him to produce and deliver the tickets or to pay the fare before ejecting him from the train, under the averments of this count. L. & N. R. R. Co. v. Johnson, 92 Ala. 204, 9 South. 269, 25 Am. St. Rep. 35.

Section 1172 of 10 Corpus Juris, p. 731, reads in part:

"A passenger who fails or refuses without a reasonable excuse to pay his fare or produce a ticket when properly demanded becomes a trespasser and may be ejected from the train or car."

This count states a good cause of action, and is not subject to the demurrers assigned to it. McGhee v. Reynolds, 117 Ala. 413, 23 South. 68; L. & N. R. R. Co. v. Johnson, 92 Ala. 204, 9 South. 269, 25 Am. St. Rep. 35; 10 Corpus Juris, 731, § 1172.

The plaintiff purchased and paid for four tickets—two whole tickets and two half tickets—for himself and children from Chicago to Birmingham. These tickets entitled them to transportation over the Illinois Central Railroad from Chicago to Evansville, and from there to Birmingham over the lines of the defendant. He had with him six children, ranging in ages from 13 years to 18 months. When they reached Evansville they changed from the Illinois Central to the Louisville & Nashville train. When they went on the Louisville & Nashville train a flagman of the defendant, as was his duty, called out, "Show your tickets," so passengers would be sure to get on the right train. The plaintiff handed his four tickets to the flagman; there was evidence by the flagman that he returned them to the plaintiff; and a little later the flagman directed all passengers to move from that coach into another coach, which they did. There was evidence tending to show that the four tickets were lost or misplaced by plaintiff or stolen by some one, or never returned to plaintiff by the flagman. The plaintiff's pocketbook and money were lost or stolen. This car from which they moved remained in Evansville. The conductor called on plaintiff for the tickets; plaintiff could not find them, or his pocketbook, money, or checks; the flagman told the conductor he had seen the tickets, and knew plaintiff did have them when he got on the train. This was before plaintiff and his children were required to leave the train at Henderson by the conductor. The plaintiff and conductor were talking on the train.

The conductor stated to plaintiff, as testified to by plaintiff:

"If you don't make a showing for 'the tickets you have to get off at the next station, and go back to Evansville and look for your tickets."

[2] At this time some remarks were made by other men on the train. They said: "The conductor says you may get off at Henderson." Over objection of defendant this question was then asked plaintiff, and this answer given by him to it:

"What did the conductor say to the other men? A. The conductor says I haven't got time to fool with him here."

This was a spontaneous statement made by the conductor to others in the presence of plaintiff while in conversation with plaintiff on the res gestæ of the case. It shed light on the motive and attitude of the conductor on the subject of time to find the tickets or to make showing for the tickets. The question called for the statement of the conductor to the other men, and not their statement. Its admission was not error. Ala. City, G. & A. Ry. Co. v. Sampley, 169 Ala. 372, headnote 8, 53 South. 142; 22 Corpus Juris, § 559, p. 470, note 16.

The plaintiff testified the conductor said:

"This is the stop I want him to get off; he can get off here and go back. I will give him a pass back to Henderson."

The plaintiff testified:

"I says to the conductor, 'If you give me a few minutes I think I can get up the money to pay my way on.' I says, 'I will give good security, as soon as I get to Birmingham, for the money, and send it to any one who will pay my fare from here on.' The conductor replied, 'I can't wait. You can make that arrangement at Evansville.'"

The evidence tended to show as plaintiff then walked from his seat to the door to get off between $9 and $10 were handed him by different men.

The conductor testified:

"I had the discretion of allowing whatever time I thought was necessary. He did not make any request for any extra time; absolutely no use. He did not ask me to let him have a few minutes in which to raise the money—there is not a bit of truth in that. Nothing like that occurred. He told me it was useless to look further."

[3] The conductor on cross-examination was permitted by the court to be asked by the plaintiff whether or not he put the plaintiff and his children off the train after about one-fourth of his fare had been raised. Two of the questions were as follows:

"Is it a fact, Mr. Moody, that Mr. Hamby raised about $10 right then and there while he and the children were in the act of being put off the train?"

"Didn't you put the man off the train with

the little children when the passengers and Mr. Hamby were raising the fare, after he raised one-fourth of the fare to take him from there to Birmingham?"

The objections to these questions were the general grounds. There was no objection assigned because from "there to Birmingham" meant from Henderson to Birmingham, when it was plaintiff's duty to pay the fare from Evansville where he and the children boarded the train, to Birmingham. Then the words "to take him from there to Birmingham" could mean from Evansville to Birmingham. It was the duty of plaintiff to furnish ticket or pay the fare from Evansville to Birmingham. Manning v. L. & N. R. R. Co., 95 Ala. 392, 11 South. 8, 16 L. R. A. 55, 36 Am. St. Rep. 225. This ground was not assigned to the questions. These questions were legitimate on cross-examination. They shed light on the question whether the conductor gave the plaintiff a reasonable time, under the circumstances, to present the ticket or to pay the fare from Evansville to Birmingham before ejecting him. 10 Corpus Juris, § 1174, p. 735. The conductor answered:

"I didn't know what he raised. He didn't tell me anything about raising money. No; I didn't see anybody give anything. I could not swear to it; no, sir; I could make a statement to that effect, though I had a suspicion of what was going on. I am not supposed to permit anything like that on the train."

No motion was made to exclude the answers.

[4] This charge requested by the defendant was refused by the court:

"The court charges the jury that a rule of the defendant to the effect that a conductor shall not allow a collection to be taken up for the benefit of a passenger is a reasonable rule."

The only evidence we find in the record to support this charge is this statement of the conductor:

"I am not supposed to permit anything like that on the train."

This is not sufficient to show that defendant had a rule, that it was a reasonable one, that a conductor shall not allow a collection to be taken up for the benefit of a passenger. This charge is based partly on facts of which no evidence appears in the record. The charge is abstract. There is not sufficient evidence in the record on which it can rest. The court did not err in refusing it. Aiken v. State, 35 Ala. 399; 2 Mayf. Dig. p. 565, § 6, subsec. 70; Garrett v. Holloway, 24 Ala. 376.

[5] Was the defendant entitled to the general affirmative charge with hypothesis? In 10 Corpus Juris, p. 732, it is stated:

"It is a usual and reasonable requirement that the passenger not only shall have a ticket or other evidence of his right to transportation, but also shall present it when required by the conductor, or surrender it on demand, and for a refusal so to do he may be ejected, although the conductor has before seen the ticket or has had knowledge of its purchase. * * * A passenger may be ejected where he has disposed of, misplaced or lost his ticket and fails or refuses to pay fare." 10 C. J. 723, § 1172, note 26.

Section 1174, 10 Corpus Juris, p. 732, reads:

"A passenger is entitled to a reasonable time in which to present his ticket or check or pay his fare before being ejected, and if he is acting in good faith the conductor has no right to eject him from the train without affording him a reasonable opportunity to make payment or to find and present his ticket or check, if lost or mislaid. * * * What is a reasonable opportunity or time to allow a passenger to produce his ticket or pay his fare must depend largely on the facts and circumstances of each particular case."

These rules are approved by our Court of Appeals in L. & N. R. R. Co. v. Mason, 4 Ala. App. 353, 58 South. 963; L. & N. R. R. Co. v. Dawson, 11 Ala. App. 621, 66 South. 905.

The plaintiff, with six children, all under 13 years of age, one 18 months old, in his arms, without the mother, entered the train of defendant at Evansville with tickets from there to Birmingham. A servant of the defendant, a flagman, demanded the tickets of plaintiff to see if he was on the right train. They were delivered to him. By order of a servant of defendant passengers were required to move from this coach into another on the same train, as that coach was not going on the trip. Several minutes after the train left the conductor called on plaintiff for his tickets. Then plaintiff discovered that his pocketbook, money, checks, and tickets were lost, misplaced, or stolen, or that his tickets were not returned to him by the flagman of defendant. The conductor was informed of the full situation. He saw the plaintiff and his six children. The distance from Evansville, where plaintiff boarded the train, and Henderson, where plaintiff was ejected, the first stopping station of that train, was from 10 to 12 miles. After the conductor demanded the tickets, under the testimony, the time varied from 5 to 10 minutes, and from 35 to 40 miles, before Henderson was reached, and plaintiff ejected. The next stopping station for that train was about 38 miles away. While the plaintiff with his six children were walking through the car to get off, some men voluntarily gave him between $9 and $10. The fare from Evansville to Birmingham for him and his children was about $40. There was evidence that plaintiff requested the conductor to give him time to raise or pay his fare, and he declined to do so, and there was evidence to the contrary. Much of the evidence has been

quoted in this opinion on other questions. We will not repeat that or recite other evidence not mentioned herein, appearing in the record on the subject. The conductor testified:

"That possibly 35 or 40 minutes elapsed from the time I first asked Mr. Hamby for his tickets to the time he got off the train at Henderson."

The plaintiff testified:

"My best recollection is that it would be between 5 and 10 minutes from the time the conductor first asked me for the tickets and the time I was put off. The station was about 12 miles from Evansville."

Under the evidence of the plaintiff, 5 to 10 minutes were allowed him by the conductor to produce his tickets or pay his fare before he was ejected. This, in law, under the circumstances, plaintiff admitting he had no tickets to surrender and no money to pay the fare to the conductor, was ample time—more than a reasonable time—for him to have done so; and the court erred in refusing the general affirmative charge with hypothesis requested by the defendant. It should have been given, as the plaintiff under the circumstances and undisputed evidence had a reasonable time to produce his tickets or pay the fare, after demand was made on him for it, before he was ejected.

For this error, the judgment is reversed.

Reversed and remanded.

All the Justices concur.