No. 2094
Second Circuit Appeal

JAMES NUGENT v. MRS. ALICE B. JORDON ET AL.

(January 12, 1925, Opinion and Decree)
(March 2, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Injunction—Par. 1, 8.**
Injunctions are only designed to prevent an actual or impending injury, and defendant's mere passage over a lane during the time it is being left open for the use of the general public could not possibly injure plaintiff.
(Code of Practice, Article 298. Editor's note.)

2. **Louisiana Digest—Injunction—Par. 10, 22.**
Where a plaintiff's pasture was not enclosed with a lawful fence as provided by ordinance of the police jury of Rapides parish, and hogs of many owners went in it at their pleasure, if any damage was done it was impossible to tell whose hogs did it.

(ON APPLICATION FOR A REHEARING)

3. **Louisiana Digest—Injunction—Par. 10, 18, 22; Petitory and Possessory Actions —Par. 47.**
Where plaintiff shows no actual possession of the property by mere civil or legal possession, he cannot recover under Article 49 of the Code of Practice. Plaintiff cannot, in a possessory action, enjoin defendants from continuing to use as a passage a lane which they have been using as such passage for several years, which lane was left open for use generally by the public; and of plaintiff's part of which he is not and has not been in actual possession during said time.
(Code of Practice, Article 49, Par. 2. Editor's note.)

Appeal from Thirteenth Judicial District Court, Parish of Rapides. Leven L. Hooe, Judge.

REYNOLDS, J.

Action to prevent by writ of injunction defendant from passing over an open lane dividing two estates and to require defendants to prevent their hogs from entering on plaintiff's pasture enclosed by only a three-barbed-wire fence—and for damages.

Defendant denied liability as to damages; claimed that they had a right to let their hogs run at large and to use as a passage the lane that had been left open for the use of the owners of the adjoining estate for more than thirty years.

There was judgment for the defendant and plaintiff has appealed.

Judgment affirmed.

John H. Mathews and Lamar Polk, of Alexandria, attorneys for plaintiff, appellant.

F. H. Carter, of Alexandria, attorney for defendant, appellee.

OPINION

In this case plaintiff left an open strip of ground six feet in width between his estate and the estate adjoining, on which a like strip was left; these strips together have been used for more than thirty years as a roadway by all land-owners in that neighborhood. The plaintiff now seeks by injunction to prevent the defendant from passing over said lane. He does not allege in his petition for injunction either of the ten enumerated grounds contained in Article 298 of the Code of Practice; neither does he allege or attempt to prove an actual or impending injury.

Injunctions are only designed to prevent an actual or impending injury, and defendant's mere passage over this lane during the time it is being left open for the use of the general public could not possibly injure plaintiff.

Ronnandez vs. New Orleans, 29 La. Ann. 271; Conwell vs. Commission Council, 153 La. 801, 96 South. 657

The injunction, in so far as it seeks to prevent the defendants from passing through the open lane, must be denied.

The injunction, in so far as it seeks to compel defendants to prevent their hogs from entering plaintiff's pasture, must also be denied. The police jury of Rapides parish have passed an ordinance, which was introduced in evidence, defining what constitutes a lawful fence, and under general custom all hogs and stock are allowed to go upon any lands not enclosed by such a fence. It is not contended that plaintiff's pasture is enclosed by such a lawful fence.

Plaintiff's claim for damages must also be denied.

Plaintiff's pasture was not enclosed with a lawful fence as provided by ordinance of the police jury of Rapides parish and hogs of many owners went in it at their pleasure. If any damage was done it was impossible to tell whose hogs did it.

When asked what passing over his strip of ground was worth, plaintiff said it ought to be worth $50.00 if it is worth anything.

From testimony, page 22, we quote from plaintiff's evidence:

"Q. How much do you say the use of this strip of ground was worth?
"A. I don't know.
"Q. What do you estimate it is worth
"A. I don't know."

Under the evidence we are unable to fi any amount of damage.

For these reasons the judgment appealed from is affirmed at plaintiff's cost.

---

## ON APPLICATION FOR REHEARING

CARVER, J. The able counsel for plaintiff very earnestly presses an application for rehearing herein.

Besides the claim for damages, which is virtually abandoned in this court, the relief asked for in the petition is an injunction prohibiting the defendant from entering on or traveling over a tract of 420 acres, more or less, described in the petition, of which the plaintiff declares himself owner and of which he says he is in actual, corporeal possession, and also enjoining them from putting, letting, permitting or allowing their hogs to be in the pastures or fields on said land.

He does not ask to be decreed owner of the land.

The allegations upon which plaintiff predicates his right to the injunctive relief prayed for are as follows:

That defendants have "continuously for the past year gone upon and traveled over portions of said land in vehicles, on horseback and afoot, and made ways and roads on said land for themselves to travel upon and use; and have used and traveled on and over petitioner's private roads on said land."

Damages are claimed, both for the alleged trespasses in entering on and traveling along the alleged private ways and roads and also for the injury alleged to have been caused by the hogs.

The defendants in their answer deny trespassing on plaintiff's land, but admit using a lane, one-half of which was given by plaintiff, which lane, they allege, they had been using for thirty years and which use, they say, is legitimate and not an act of trespass.

They further allege that the law does not require the keeping up of stock in that vicinity and that plaintiff's fence is not a lawful one according to the standard prescribed by the police jury.

They do not pray to be decreed entitled to a servitude of way or passage but merely ask that plaintiff's demands be rejected.

Under these pleadings it is clear that the suit is possessory in its nature and that questions of title are not involved.

As to the lane:

Plaintiff's counsel confidently argues tha he is clearly entitled to the injunction asked for, prohibiting defendants from using the lane under the express terms o paragraph 5 of Article 298, Code of Practice, which reads as follows:

"298. The injunction must be grante and directed against the defendant him self in the following cases: * * *
"5. When the defendant disturbs the plaintiff ·in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment."

Article 49, Code of Practice, reads as follows:

"In order that the possessor of a real estate, or one who claims a right to which such estate may be subjected, may be entitled to· bring a possessory action, it is required:
"1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient.
"2. That he should· have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the 47th article, for more than a year previous to his being evicted; provided the possession of less than one year be sufficient, in case the possessor. should have been· evicted by force or by fraud.
"3. That he should have suffered a real disturbance either in fact or in law
"4. That· he should have brought his suit, at the latest, within the year in which the disturbance took place.
"When the possession of the plaintiff is accompanied with all those circumstances, it matters not whether he possesses in good or in bad faith, or even as a usurper, he shall nevertheless be entitled to his possessory action."

Although plaintiff alleges broadly that defendants used private roads and ways over the described land, there is no proof whatever that they have ever used or ever intended to use any such ways or roads except the lane between plaintiff's property and that of his neighbor's, five or six feet of which the plaintiff left out for use as a lane when· he fenced his land in 1917. Previous to that time the defendants had used a road across the land near this lane for many years, thirty-five at least, as shown by the testimony of plaintiff himself. This old road the plaintiff fenced up when he established the lane in conjunction with the adjoining owner.

It seems clear to us that plaintiff has not the necessary possession of that part of the lane ˙belonging to him to enable him to maintain a possessory action.

According to Code of Practice, 49, it is necessary that he should have had real and actual possession; mere civil or legal possession not being sufficient; and also that he should have had this possession quietly and without interruption for more than one year previous to the disturbance.

He shows no actual possession in this case but merely civil or legal possession.

Furthermore, his possession has not been quiet and without interruption; for if the use of this lane by defendants is a disturbance, or interruption of his possession, it has been going on for five or six years.

The language of the court in Larcade vs. Iseringhausen, 153 La. 978, 96 South. 830, is appropriate on this branch of the case.

The plaintiff therein sought to enjoin the defendant from executing a judgment decreeing him, defendant, entitled to a right of passage over certain lands claimed by plaintiff and ordering plaintiff to remove obstructions therefrom· on the ground, amongst others, that the plaintiff had had actual possession of the land embraced in the road for more than one year previously. The court says:

"While plaintiffs allege the actual possession of said roadway for one year previous to their being disturbed, they have failed to set forth in their petition that they

had such possession quietly and without interruption, as required by paragraph 2 of Article 49 of the Code of Practice. Because of the omission of an allegation so requisite to the maintenance of a possessory action, plaintiffs' petition necessarily fails to disclose a cause of action."

Counsel cites various authorities on the proposition that a servitude of way or passage cannot be acquired by prescription but can only be acquired by written title. We unreservedly concede the soundness of this proposition, but under the pleadings in this case that question is not involved. The lower court did not decree that defendants had acquired such servitude nor do we so decree, nor do the defendants even ask it. We merely decide, on this branch of the case, that plaintiff cannot, in a possessory action, enjoin defendants from continuing to use as a passage a lane which they have been using as such passage for several years, which lane was left open for use generally by the public; and of plaintiff's part of which he is not and has not been in actual possession during said time.

As to the hogs:

Plaintiff alleges that defendants put their hogs in his pasture, but there is no proof to support this. They are allowed by defendants to run at large and they go there of their own accord as do the hogs of others in the neighborhood.

At common law it seems the owner o cattle must keep them from going on th lands of another, whether fenced or not. Some of the states have adopted this rul and others have not.

3 C. J., page 127, paragraph 396.

In Louisiana the matter has been relegated to the discretion of the police juries.

Revised Statutes, 2743, as amended by Act 202 of 1902.

In the North Louisiana parishes it is usual for cattle to run at large unless "no fence laws," as they are called, are adopted.

In this case it is not claimed that such a law has been adopted in Rapides parish. On the contrary, the ordinance of the police jury introduced in evidence prescribes as a legal fence one that shall be hog-proof. The plaintiff's fence, by his own admission, is not of that kind.

In Russell vs. Fernandez, 131 La. 78, 59 South. 20, the court says:

"Plaintiff's grove was not fenced; but whether it is or not a material circumstance we are unable to say, as the record fails to show what the law, or even the custom, was with regard to fences in that locality; that is to say, which, the cattle or the fields, were required to be fenced in, though the inference, from the evidence as a whole, would be that it was the former.

"Under these circumstances there is too much uncertainty as to the amount of damage done, and as to what part of it was done by defendant's cattle, and even as to the existence of legal fault on the part of defendant, for plaintiff to be allowed to recover anything."

This is a clear intimation that if the law does not require the fencing of stock the owner thereof is free of fault in permitting them to run at large. This accords with our opinion.

Plaintiff also cites various other authorities, none of which we think applicable to the issues of this case.

In Delta Duck Club vs. Barrious, 135 La. 358, 65 South. 489, the plaintiff was held entitled to an injunction enjoining defendant from hunting and trapping on its land. The action seems to have been petitory.

In Baldwin vs. Delfares, 130 La. 711, 58 South. 519, defendant was enjoined from cutting timber on plaintiff's land.

In Heine vs. Merrick, 41 La. Ann. 194, 5 South. 760, 6 South. 637, the injunction was to prevent interference with the right to tear down and re-erect a party wall.

In Dudley vs. Tilton, 14 La. Ann. 283, the injunction was to prevent the defendant

from raising the level of his sidewalk without authority from the city council which act of leveling would have injured the value of plaintiff's adjoining property

In Wemple vs. Eastham, 144 La. 957, 81 South. 438, the injunction was to prevent interference by violence with the right of a party to drill on land leased from the state.

As to enjoining defendants from passing over plaintiff's land other than the lane above mentioned, counsel has not referred us to any authority and we know of none entitling him to such injunction; there being no proof to show that defendants have interfered with his possession or ever intend to interfere with such possession by such passing over same.

Rehearing refused.