O’NIELL, C. J.
 

 The state has appealed from a judgment sustaining a demurrer to an indictment, charging that the defendant “did wilfully, unlawfully and feloniously assault, strike and wound one Stella Carr, with the intent her, the said Stella Carr, to kill and murder.”
 
 *210
 
 The defendant contends, in his demurrer, that the language of the indictment is not sufficient to charge the commission of a crime.
 

 Inasmuch as the indictment does not charge that the striking of the woman was done with a dangerous weapon, it does not charge a violation of section 791 of the Revised Statutes, as amended by Act No. 43 of 1S90, p. 37, which makes it a crime to strike a person with a dangerous weapon with intent to commit murder. But, treating the words “strike and wound” as superfluous language in the indictment, it charges that the defendant did willfully, unlawfully and feloniously assault the woman with intent to murder her. That crime is defined and denounced by section 792 of the Revised Statutes, as amended by Act No. 9 of 1912, p. 15, viz.: “Whoever shall assault another by wilfully shooting at him or with intent to commit murder, rape or robbery shall on conviction thereof be imprisoned with or without hard labor not more than twenty years.” If the assault is committed, not by willfully shooting at the person, but with intent to commit murder, rape or robbery, it is not necessary that the assault should be committed with a dangerous weapon, to be violative of the statute. In State v. Brady, 39 La. Ann. 687, 2 So. 556, it was said that this section of the revised statutes “contemplates four distinct offenses by means of an assault: one by ‘willfully shooting at,’ the second ‘with intent to commit murder,’ the third ‘with intent to commit rape,’ and the fourth ‘with intent to commit robbery.’ ” In the same case, the court said: “The intention of the law-maker in providing for the offense of an assault with intent to commit murder, in section 792, is to define such an assault by any other mode than by ‘shooting at.’”
 

 The judgment appealed from is reversed, the demurrer to the indictment is overruled, and the case is ordered remanded to the district court for further proceedings.