### No. 11,055.

THE STATE EX REL. FRANCIS CARREAU VS. THE JUDGES OF THE COURT OF APPEALS FOR THE PARISH OF ORLEANS.

In a succession that has been administered and the whole succession ordered to be put in possession of the heirs, and the executor ordered to retain an amount to pay the debts, this amount is the sum to be distributed and is the test of jurisdiction on an appeal from a final account to which there were oppositions and upon which judgment was rendered after putting the heirs in possession of the succession property.

APPLICATION for Mandamus.

---

*B. R. Forman* and *C. Forman* for the Relator:

1. The Supreme Court of Louisiana has not, and therefore the Court of Appeals for the Parish of Orleans has jurisdiction of an appeal from a judgment of an executor's account when the fund remaining to be distributed is less than $2000, and the oppositions are for less than that amount. Suc. Duran, 34 An. 585; Suc. McDowell, 35 An. 1025; Suc. Gohs, 37 An. 438.

2. The foregoing is so, especially when the case is one of a perfectly solvent estate in which no one has interest to oppose more than enough to meet his claim; and also when there are judgments unappealed from ordering the distribution of all the estate except enough to meet oppositions amounting to a capital of less than $2000. Suc. Gohs, 37 An. 428.

*Geo. H. Théard* for the Respondents:

The Supreme Court alone has jurisdiction of an appeal from a judgment disposing of oppositions to an executor's account when the total of the estate or the fund to be distributed in the case exceeds $2000 exclusive of interest. Art. 81, Constitution of 1879; Brierre vs. Creditors, 43 An. 423.

The opinion of the court was delivered by

McENERY, J.   This is an application for a writ of *mandamus* to compel the respondents to take jurisdiction and try the opposition to final account in the succession of Mrs. John Carreau.

The estate is solvent.

The testamentary executors filed a provisional account showing the assets of the succession to be $54,674.75, and the liabilities $3633.85.   There are only two heirs.   One approved the provisional account; the other, the relator, opposed it, except as to the claims of two creditors.

The account was homologated, and the funds ordered distributed in so far as not opposed.

The executors filed a second and final account, showing liabilities $1142.35.   In this was included the sum of $1000 to be paid to Marie Annie Debat.   This item the relator opposed, and abandoned his opposition to the other items opposed in the provisional account.

On the 20th of November, 1890, a judgment was rendered putting the heirs in possession of the whole of the estate with the exception of the amount required to pay the liabilities, which amount was ordered to be retained by the executors.

The oppositions to the provisional and the final account were tried together, and there was one judgment signed 1st of June, 1891, dismissing the oppositions of relator, maintaining the opposition of the City of New Orleans for taxes for the years 1889, 1890, with interest and costs, and maintaining the opposition of Mercedes Wades for $257 and costs, and ordering the accounts as amended to be finally approved and homologated and that the funds be distributed accordingly.

From this judgment the relator appealed.

The executors had complied with the judgment homologating the provisional account, which is shown by the final account, exhibiting the liabilities of the succession at $1142.35, which includes an item of $1000 to be paid to Miss Marie Annie Debat which did not appear on the provisional account.

The whole succession having been placed by a judgment in the possession of the heirs, less the amount to pay liabilities to be left in the hands of the executors, this sum is the amount to be distributed and is the test of jurisdiction.

The amounts of the several oppositions which were recognized by the judgment homologating the account, added to the sum of $1142.35, give an amount less than $2000, below the lower limit of our jurisdiction.   Suc. of Duran, 34 An. 585; Suc. of McDowell, 35 An. 1025; Suc. of Gohs, 37 An. 428.

It is therefore ordered and decreed that the rule granted herein be made absolute, and a peremptory mandamus issue as prayed for.