(81 South. 438)

No. 23401.

WEMPLE v. EASTHAM et al.

In re EASTHAM et al.

(March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. INJUNCTION ⟜35(2) — POSSESSION OF REALTY—PROTECTION OF POSSESSION.

Though ordinarily a writ of injunction will not issue to change the possession of real property, one possessing realty for more than a year as owner, whether the real owner or not, may protect that possession by injunction.

2. INJUNCTION ⟜38—OIL AND GAS LEASE FROM STATE — LESSEE'S RIGHT TO ENJOIN INTERFERENCE—STATUTE.

Under Act No. 29 of 1915 (Ex. Sess.), in suit for title to riparian lands and the bed and waters of the stream, defendants, acting under lease purporting to arise from the Governor's authority to lease the beds of certain streams and lakes to individuals to bore for oil, gas, etc., *held* entitled to enjoin plaintiff's forcible interference with their possession pending litigation.

Suit by Barney Y. Wemple against Mally Eastham and others, wherein defendants asked for preliminary injunction, which was denied, and they apply for writs of certiorari and mandamus to compel the judge of the First judicial district for the parish of Caddo to issue preliminary writ of injunction restraining plaintiff and his agents, resulting in issuance of a rule nisi, coupled with a writ of certiorari. Preliminary rule issued ordered to be made absolute, and writ of mandamus directed to issue.

Hall & Bullock and Wilkinson & Lewis, all of Shreveport, for applicants.

Hampden Story, of Shreveport, and E. P. Lee, of Mansfield, for respondent.

DAWKINS, J. Defendants in the above cause apply for writs of certiorari and mandamus to compel the lower court to issue a preliminary writ of injunction restraining the plaintiff and his agents from interfering, through force and violence, with defendants in their operations for oil and gas in the beds of certain streams in the parish of Caddo. A rule nisi having issued, coupled with a writ of certiorari, the record is now before us, together with the answer of respondent judge.

We find that plaintiff filed a suit in the court below alleging himself to be the owner, in one instance, of the property on one bank of one of the streams with the bayou bed to the middle thereof, and in the other he claimed to be the owner of the land on both sides of the stream, as well as the bayou bed and waters therein. He asserted possession for more than ten years. The petition further alleged that the streams in question are nonnavigable, and that the de-

fendants, acting under a pretended lease from the state, were attempting to take possession of the beds of these streams for the purpose of boring for oil and gas; that the said pretended lease is a slander upon his title, and should be annulled and erased from the records of Caddo parish. He prayed that on trial judgment be rendered ordering the pretended. lease canceled and erased, enjoining defendants from interfering with said property, and that he be decreed the owner thereof.

Defendants answered, alleging the validity of the title of the state, their lessor, averring that both streams were formerly navigable, and that therefore the title to the beds thereof was in the state; that, by virtue of said lease, they had undertaken to go upon said premises for the purpose of boring for oil and gas, but had been prevented by acts of force and violence on the part of plaintiff and his agents; that plaintiff was seeking to accomplish by this means that which he was not permitted to do through the processes of the court by Act No. 29 of 1915, that is, prevent defendants from exercising their rights under the lease pendente lite. Defendants also averred that there was no way by which they could reach the leased premises other than over the property of plaintiff, and prayed that he be required to allow them a right of way for that purpose. They asked for a preliminary writ of injunction to restrain the acts of force and violence alleged. A rule nisi was issued by the court below, and, on hearing, the injunction was denied; hence this application.

### Opinion.

We note from their brief that defendants have abandoned the demand for a right of way over the property of plaintiff for the purpose of reaching and operating upon the premises in dispute. This leaves for our determination only the question of the right to the preliminary injunction to restrain interference with the boring for oil and gas in the beds of the streams.

Under the view which we have taken of this case, we deem it unnecessary to go into the question of title to the property in dispute, and, besides, that is a matter which can best be determined from the evidence and the law applicable thereto on a trial of the merits.

[1] Ordinarily a writ of injunction will not issue to change the possession of real property, and one possessing for more than a year as owner, whether the real owner or not, may protect that possession by injunction. Railroad Co. v. Railroad Co., 36 La. Ann. 561; State ex rel. Raymond v. Judge, 41 La. Ann. 952;[1] State ex rel. Lehman & Co. v. King, 46 La. Ann. 178, 15 South. 283; Jennings-Heywood Oil Syndicate v. Debaillon, 113 La. 629, 37 South. 534; C. P. art. 298, par. 5. Unless there be something in the law peculiar to cases of this character, plaintiff having alleged possession of the property in dispute for more than ten years, and defendants not alleging possession in themselves for as much as one year, it would seem that defendants would, not only not be entitled to the writ of injunction themselves, but that plaintiff, on the face of the pleadings, might enjoin them from doing the things which they allege they are attempting to do, until the case is tried on the merits.

[2] However, plaintiff himself alleges that the defendants are acting under a pretended lease purporting to arise from the authority vested in the Governor of the state to lease the beds of certain streams and lakes to private individuals for the purpose of boring for oil, gas, etc., under Act No. 30 of 1915. At the same session of the Legislature (extra session of 1915) a companion act, No. 29, was passed, in which it was provided:

---

[1] 6 South. 721.

"That the writ of injunction shall not lie in any suit brought against the lessees of the state, or the officers or employés of the state to restrain the exploitation for oil, gas or other minerals, of lands, river bottoms, or lake bottoms, the ownership of which is in the state; but in all such cases, the remedy of the plaintiff in such suit shall be confined to a demand that the product of such exploitation, or the proceeds of the sale thereof, shall be judicially sequestrated, until the rights of all persons asserting any lawful claim to such product or proceeds shall be determined." Section 1.

The act makes further provision in detail for disposition of the product or its proceeds, in order that no hardship may be worked, or loss occasioned to any one who might ultimately be held to be entitled thereto.

It is evident from this law that the Legislature foresaw that controversies similar to the one here would arise between the state or its lessees and third persons over the titles to beds of streams and lakes, and attempted thereby to provide a means for the protection of all concerned, in that operations should be carried on by those claiming under the state, leaving to the courts to decide who should ultimately be the owners of the products. It was, no doubt, considered that the very nature of the property and rights were such as could work no serious harm or inconvenience to any one, such as might ensue where houses, farm property, etc., were involved, and in view of the delays incident to litigation, if some such protection were not afforded to the lessees of the state, it might frequently happen that an asset otherwise very valuable to the state would be rendered worthless because of the unwillingness or inability of its transferees to exercise the rights conveyed until all of the minerals under such property had been extracted. Again, the character of the property is such that no one can be said to be actually in physical possession except when engaged in operations similar to those undertaken by defendants. Plaintiff does not

144 LA.—31

allege that he or his lessees are so engaged.

Can it be said that the plaintiff should be permitted to do by force and violence that which he was prohibited from doing through the orderly processes of the law? We think not.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the preliminary rule issued herein be made absolute, and that a writ of mandamus issue to Hon. R. D. Webb, judge of the First district court for the parish of Caddo, commanding him to issue a preliminary writ of injunction enjoining and restraining plaintiff and his agents from interfering with or preventing the defendants from boring or exploring for the oil, gas, and other minerals described in their lease from the state in the beds of Bayou Pierre and Bayou Dolet in the Parish of De Soto, La., during the pendency of this suit.