(94 South. 909)

No. 25667.

**BRUNNING v. CITY OF NEW ORLEANS et al.**

**In re BRUNNING.**

(Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Injunction** ⬤⟳34—**Mandatory and not discretionary to prevent disturbance of actual possession.**

While the judge is vested with a legal discretion to grant or refuse an injunction under Code Prac. art. 303, with which discretion the Supreme Court will not interfere unless his action be manifestly arbitrary, article 298, par. 5, relative to injunctions when defendant disturbs plaintiff's actual and real possession, which plaintiff has had for more than one year of real estate or of a real right, is mandatory, and the judge has no discretion when the application conforms to the requirements of the law.

2. **Injunction** ⬤⟳49—**Plaintiff entitled to injunction to prevent interference with actual physical possession of property.**

One alleging her ownership of property and her actual physical possession thereof as owner for more than 75 years was entitled to an injunction under Code Prac. art. 298, par. 5, where the city and its commissioner of public property were about to take possession by force, and had destroyed her fences and entered on the property and dumped refuse thereon.

Suit by Mrs. Amelia B. Brunning against the City of New Orleans and others. An injunction was denied, and plaintiff applies for a writ of mandamus. Peremptory mandamus issued.

William Winans Wall, of New Orleans, for applicant.

By the WHOLE COURT.

LAND, J. Relator applied to Hon. Porter Parker, one of the judges of the civil district court of the parish of Orleans, for an injunction to prohibit defendants from committing acts of trespass upon a certain portion of ground situated in said parish on the shore of Lake Pontchartrain.

The petition for injunction alleges that relator is the owner of this property, and that she and her authors have had actual, physical possession of said property, with buildings and inclosures thereon, as owners, for more than 75 years, and that relator is now in possession of said property, and that the city of New Orleans and one Wilbert Black, commissioner of public property of the city of New Orleans, have announced their intention to divest relator's lawful possession of her foresaid property from her by force and violence, and to that end have instructed their agents and employees to destroy relator's fences around said property and take possession thereof for the city of New Orleans by force, in direct violation of relator's property rights, and that in furtherance of instructions given by said Wilbert Black, commissioner of public property, the employees of the city of New Orleans have on two occasions within the past week violently and by force destroyed relator's fences on the front of said property, and entered thereon and dumped refuse, to the damage and distress of relator.

Respondent judge declined to issue the injunction as prayed for, but issued a rule nisi, and, after hearing on said rule, denied the writ of injunction.

Relator invokes our supervisory jurisdiction in this proceeding, and prays that a writ of mandamus issue to respondent judge, directing him to grant the preliminary writ of injunction prayed for by relator in the suit

of Mrs. Amelia B. Brunning v. City of New Orleans et al., No. 142933 on the docket of the civil district court for the parish of Orleans, division D.

Article 298 of the Code of Practice provides that—

"The injunction must be granted, and directed against the defendant himself, in the following cases: * * *

"5. When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment."

Relator has complied with all legal requisites. The allegations contained in her petition for injunction place the demand for an injunction clearly within the provisions of article 298, paragraph 5 of the Code of Practice. Her petition is accompanied with the proper affidavit.

[1] In cases arising under article 303 of the Code of Practice, the judge is vested with a legal discretion to grant or refuse an injunction, with which we will not interfere under our supervisory jurisdiction unless his action be manifestly arbitrary. New Orleans v. Telephone Co., 37 La. Ann. 571; State ex rel. Yale et al. v. Judge, 41 La. Ann. 518, 6 South. 512.

But the language of article 298 of the Code of Practice is mandatory as to the issuance of injunctions in the cases falling under said article, which declares that "the injunction must be granted, and directed against the defendant himself in the following cases," enumerating them. (Italics ours.)

In cases provided for by article 298 and others similar it is well settled that the judge has no discretion, and is bound to grant the application when made in conformity to the requirements of law. State v. Judge, 41 La. Ann. 518, 6 South. 512; Mulling v. Jones et al., 142 La. 300, 76 South. 720; Beasley v. Jenkins, 117 La. 577, 42 South. 145; Hanson v. Police Jury, 116 La. 1085, 41 South. 321;

State ex rel. Jacobs v. Judge, 40 La. Ann. 206, 3 South. 561.

"One in possession of property belonging to the United States cannot forcibly be ousted by its officers without legal process." Bailey v. Taylor, 8 Mart. (N. S.) 125, 19 Am. Dec. 175.

"The law jealously protects the possession of property against invasion and violence. It punishes with severity the trespasser, although he may believe he has some right which he can enforce by violence. Public order and the highest interest of society require that no violence shall be done to one in peaceable possession of property. As against the lawful owner, the possession of immovable property must be protected against the unlawful disturbance of his possession." Nicol v. Railroad Co., 44 La. Ann. 819, 11 South. 34.

[2] Relator is clearly entitled to the relief sought by her in this proceeding.

It is therefore ordered, adjudged, and decreed that a peremptory mandamus issue to Hon. Porter Parker, judge of the civil district court for the parish of Orleans, division D, commanding him to issue an injunction as prayed for in the petition in the suit of Mrs. Amelia B. Brunning v. City of New Orleans et al., No. 142933 on the docket of said court upon plaintiff furnishing bond as the court may fix.