(95 South. 421)

No. 25725.

**CASTELL LAND & HARBOR CO., Inc., v. ROBERTS et al.**

**In re ROBERTS et al.**

(Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error** &#9758;73(2)—Order granting preliminary injunction can ordinarily be corrected on appeal from final judgment.

The general rule is that an order granting a preliminary injunction is interlocutory and works no irreparable injury, as the error, if any, can be corrected by appeal from the final judgment.

**2. Appeal and error** &#9758;73(2)—No appeal lies unless injury from temporary injunction irreparable.

No appeal lies from an order granting or refusing to dissolve an injunction pendente lite except where the injury cannot be repaired in damages.

**3. Certiorari** &#9758;42(4)—Prohibition &#9758;20—Allegation held to admit damages not irreparable.

An allegation, in an application for writs of certiorari and prohibition, that the interruption and possible destruction of defendants' trapping operations by a temporary injunction would damage them in a sum exceeding $2,000 each, was an admission that any injury from the preliminary injunction was reparable in damages, and hence that no appeal lay.

**4. Injunction** &#9758;178 — Temporary injunction restraining trespasses not dissolved on bond.

A temporary injunction restraining defendants from going on plaintiff's land for the purpose of trapping and catching fur-bearing animals could not be dissolved on bond, since plaintiff's right thereto was absolute under Code Prac. art. 298, par. 5, and dissolution would change the possession of immovable property and cause irreparable injury.

**5. Certiorari** &#9758;64(1) — Prohibition &#9758;28 — Attacks on affidavit and bond for preliminary injunction not considered.

As no appeal lies from an interlocutory judgment refusing to dissolve a preliminary injunction, the court on application for writs of certiorari and prohibition cannot consider attacks on the affidavit for the writ, the injunction bond, etc., which will properly be reviewable on appeal from the final judgment.

Suit by the Castell Land & Harbor Company, Inc., against Anatole Roberts and others. A suspensive appeal from an order refusing to dissolve a preliminary injunction was refused, and defendants apply for writs of certiorari and prohibition. Rule recalled, temporary stay rescinded, and application denied.

Harris Gagne, of Houma, for relator.

Allen J. Ellender, of Houma, for respondent.

LAND, J. Relators filed a rule in the lower court to dissolve absolutely, or in the alternative, on bond, the preliminary injunction issued by respondent judge. The court recalled the rule and refused to dissolve the preliminary injunction granted. Attorney for relators, plaintiffs in rule, moved for a suspensive appeal to the Supreme Court. Respondent judge refused to grant said appeal. Relators have invoked our supervisory jurisdiction by praying for writs of certiorari and prohibition.

The petition for injunction alleges that plaintiff corporation is the owner of a large body of land in the parish of Terrebonne; that the greater part of said land is marshy, and its principal value is due to the fact that fur-bearing animals, wild fowl, and game are plentiful in said land; and that the chief revenue from same is derived from trapping. Plaintiff corporation further alleges in its petition for injunction that it has leased certain portions of said land for trapping purposes to some 15 or more trappers; that the property is well posted, warning trespassers not to fish, trap, etc.; and that for several years plaintiff has had published regularly in a weekly newspaper in the parish of Terrebonne a notice to persons not to trespass on its property. Plaintiff corporation further represents in the petition for injunction that it has been in the quiet and undisturbed possession of said property and has had the real, actual, and physical possession of same, as covered by its title, for more than one year past, and of said real right of which plaintiff claims the ownership, the possession, and enjoyment; and that defendants have willfully gone upon said property and trespassed thereon, cut roads, set traps, placed wild cane, and made all the necessary preparations and arrangements for the purpose of catching fur-bearing animals, all to the great detriment and irreparable injury of plaintiff corporation.

[1] The general rule is that an order granting a preliminary injunction is interlocutory and works no irreparable injury, as the error, if any, can be corrected by appeal from the final judgment. Osborne v. Clayton, 3 Rob. 437; State ex rel. Doullut v. Judge, 29 La. Ann. 869; Town of Donaldsonville v. Police Jury of Ascension, 33 La. Ann. 249; Fontelieu v. Gates, 36 La. Ann. 833.

[2] No appeal lies from an order granting, or refusing to dissolve, an injunction pendente lite, except in cases where the injury cannot be repaired in damages. Wendling v. Dixie Ice Manufacturing. Co., 121 La. 185, 46 South. 205.

[3, 4] In the application to this court for relief relators allege:

"That the interruption and possible destruction of their trapping operations by injunction will damage them, severally, in a sum exceeding $2,000 each."

This is a clear admission that any injury caused to relators by the preliminary injunction granted against them is reparable in damages, and therefore not an irreparable injury. No appeal lies, under this state of facts, from the interlocutory order refusing to dissolve the preliminary injunction. Not only was the right of plaintiff corporation to a preliminary injunction absolute under paragraph 5 of article 298 of the Code of Practice, but the injury to plaintiff corporation would be irreparable, if said injunction could be dissolved on bond, as the effect of such bonding would be to change the possession of immovable property from plaintiff corporation and to transfer it to relators, defendants in the injunction proceeding. Under such circumstances, the bonding of the preliminary injunction was not permissible. V. S. & P. Ry. Co. v. Webster Sand, Gravel & Construction Co., 132 La. 1057–1058, 62 South. 140, 47 L. R. A. (N. S.) 1155.

[5] As no appeal lies from the interlocutory judgment refusing to dissolve the preliminary

injunction, we cannot consider at this time the attack made by relators on the affidavit for the writ, the injunction bond, etc. These matters will come properly before us for review on appeal from the final judgment rendered in the case.

It is therefore ordered, adjudged, and decreed that the rule nisi herein issued be recalled, that our order for temporary stay of proceedings in this case be rescinded, and that relators' application be denied and rejected at their cost.

O'NIELL, C. J., concurs in the decree.