ODOM, Justice.
 

 Plaintiff alleged that it was in possession of, as owner, some 6,000 acres ot low, marsh land in the parish of Jefferson, and that.it had so possessed the land for more than one year at the time the suit was filed on November 13, 1934; that said lands are inhabited by muskrats, which breed and live there, and that the rats are fur-bearing animals, and that their pelts are valuable; that the trapping of rats for their pelts is a legitimate and lucrative business, and that the right to engage in the trapping business on said lands is a real right which belongs exclusively to it as the owner of the land, and is' a valuable right; that the-trapping privilege, which is inherent and exclusive in the owner of 'the- land, constitutes its chief value, and that it produces no revenue except that which is derived from trapping.
 

 It is further alleged that the lands had been leased to Sidney Hogan for trapping purposes for the 1934-35 season with the exclusive license or privilege of trapping rats thereon, and that Hogan had gone upon the lands preparatory to exercising the trapping privileges granted him under the lease.
 

 It is further alleged that these defendants, Octave Gaudet and Nicholas Barrios, together with others, had entered into a conspiracy to deprive the plaintiff and its lessee of the rights and enjoyment of said property and the revenues which would be derived thereform, and in pursuance of said conspiracy did, on October 7, 1934, enter and trespass upon said lands for the purpose of making arrangements to set traps thereon and to catch rats during the trapping season, and that unless they were restrained from doing so, they would continue to trespass upon said lands and catch rats to the irreparable injury of the plaintiff and its lessee.
 

 Plaintiff further alleged that the defendants are inpecunious and are engaged only in the trapping business, and could not be made to respond in damages, and that the injury resulting from their trespass upon the land would be irreparable, and that plaintiff’s only remedy for preserving its rights was to have defendants enjoined from trespassing upon the said property.
 

 Plaintiff prayed that the defendants and each of them be ordered to show cause why a preliminary injunction should not issue restraining them from entering upon said lands for the purpose of trapping, taking, capturing, and removing therefrom any rats or any other thing of value and from unlawfully interfering with the possession, enjoyment, and control by the plaintiff or by its licensee of the premises aforesaid.
 

 The defendants filed several exceptions, all of which seem to have been abandoned except one, which is “that plaintiff had cumulated a petitory action and a possessory action and that plaintiff should be ordered to elect whether it should proceed upon its petitory or upon its possessory
 
 *987
 
 action, in default of which this suit should be dismissed.”
 

 This exception was overruled by the court. Defendants then filed answer in which they denied practically all the pertinent allegations of plaintiff’s petition.
 

 The rule to show cause was tried and resulted in a judgment in favor of the plaintiff, the court granting the preliminary injunction prayed for. The defendants appealed.
 

 In defendants’ brief, which is quite unusual because of its brevity, counsel for defendants set forth their sole contention in the following four paragraphs:
 

 “The first exception of cumulation of petitory and possessory actions should have been sustained and the suit should have been dismissed under the very letter of article 55 of the Code of Practice. Davidson v. McDonald, 126 La. 539, 52 So. 758; Sallabah et al. v. Marsh, 34 La. Ann. 1053; Houssiere Latreille Oil Co. v. Jennings-Heywood Oil Syndicate, 115 La. 107, 38 So. 932.
 

 “We deem it unnecessary to discuss the other exceptions as we think this exception well founded.
 

 “If we are wrong, still the judgment is null and void because it decides neither the question presented by the possessory action nor the question presented by the petitory action.
 

 “It is respectfully submitted, therefore, that there should be judgment in favor of appellants, reversing the judgment of the lower court and dismissing plaintiff’s suit.”
 

 Counsel for defendants have misconstrued plaintiff’s petition. Plaintiff brought neither a petitory nor possessory action. The suit is brought under paragraph 5 of article 298 of the Code of Practice. That article provides that “the injunction must be granted, and directed against the defendant himself, in the following cases: * * * 5. When the defendant disturbs the plaintiff in the actual and real possession which such plaintiff has had for more than one year, either of a real estate or of a real right, of which he claims either the ownerships the possession or the enjoyment.”
 

 The suit was not brought under article 43 of the Code of Pratice, which defines the petitory action, nor under article 46, which defines the possessory action. Plaintiff alleged that it had possessed the property as owner for m.ore than a year, and that defendants had committed a trespass thereon and would continue to trespass upon the property unless restrained. Uncjer article 298 of the Code of Practice and under the settled jurisprudence of this state, one possessing real estate for more than a year as owner, whether the real owner or not, may protect that possession by injunction. Wemple v. Eastham et al., 144 La. 957, 81 So. 438; Brunning v. City of New Orleans, 152 La. 989, 94 So. 909; Castell Land & Harbor Co. v. Roberts, 153 La. 115, 95 So. 421.
 

 In the Castell Land Co. Case it was held that an owner of lands was entitled
 
 *989
 
 to an injunction prohibiting third persons from trespassing upon such lands for
 
 the
 
 purpose of trapping fur-bearing animals.
 

 Plaintiff proved it had possessed the land as owner for more than a year, and that these defendants had actually trespassed upon it and had avowed their intention to continue their trespasses for the purpose of catching rats. Under the law, and under the testimony adduced, plaintiff was clearly entitled to the relief prayed for.
 

 The judgment is correct, and is accordingly affirmed.
 

 O’NIELL, C. J., absent.