AYRES, Judge.
Plaintiffs, Herbert Reeves Woodell, Sr. and Jr., allegedly in possession as owners since the year 1914 of a tract of land situated in Caddo Parish, Louisiana, instituted a possessory action against Virl Roberts, who allegedly disturbed their possession within the year preceding the filing of this action. The disturbance is alleged to have consisted of an action instituted by Roberts to evict them from the property. Plaintiffs prayed for a temporary restraining order and, after due proceedings, a preliminary injunction restraining defendant from evicting them during the pendency of the suit. The district judge refused to sign an order granting the temporary restraining order or setting the rule for a preliminary injunction for hearing.
In an application to this court for remedial writs, applicants, the Woodells, show that a writ of possession issued based upon a judgment rendered in the eviction, a summary proceeding, and that, unless the writs applied for were granted, they would forthwith and summarily be dispossessed and evicted from the property.
Alternative writs of certiorari, mandamus, and prohibition issued with appropriate orders to the trial judge and to Roberts, the defendant in the possessory action, to show cause why the relief prayed for should not be granted. In due course of the proceedings the matter was placed on the docket of this court. Counsel for applicants and respondent appeared, argued the merits of their respective contentions, and filed briefs in support thereof. Plaintiffs’ position is that by the denial to them by the court of injunctive process to maintain themselves in possession of the property pending a determination of their right thereto, they were denied the privileges and benefits accorded them under the provisions of Art. 3663 of the Code of Civil Procedure, the pertinent part of which provides :
“Injunctive relief, under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore posses *797 sion of immovable property or of a real right, is available to:
“(1) A plaintiff in a possessory action, during the pendency thereof; and
“(2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right of which he claims the ownership, the possession, or the enjoyment.”
In argument and brief before this court, submitted in opposition to the Woodells’ application for writs, respondent, Roberts, concedes Woodell, Sr., has occupied and lived upon the land involved, comprising 161 acres, or at least a portion thereof, since the year 1914; that under date of 1898 William Rudersdorf acquired title to the property through a patent from the United States Government; that Ruders-dorf continued as owner of the property until his death, when the property was inherited by his three children as his heirs. Those heirs are claimed by Roberts to have leased 31 acres of the larger tract in 1949 to Woodell, Sr., for a term of 20 years for a consideration of $10 payable annually. Roberts is alleged to have leased the property in 1973 from the Rudersdorf heirs. In his capacity as lessee, Roberts instituted the eviction proceedings.
In brief and oral argument, counsel for Roberts raises issues of res judicata, lis pendens, estoppel and other issues relating to the previous eviction proceeding and also to another suit between the parties said to be pending in district court. The record in the other suit is not before us. Proof of the facts alleged by both plaintiffs and defendant is not before us. After trial of the rule for a preliminary injunction the facts may or may not require injunctive relief to be accorded plaintiffs during the pendency of this possessory action. There may or may not be defenses available to defendant both as to the in-junctive relief and as to the merits of the suit. Nevertheless, on the allegations of plaintiff’s petition, which is the only matter formally before us in this proceeding, applicants are entitled to the benefits of the injunctive process to maintain their possession as authorized under Code of Civil Procedure Art. 3663, the pertinent provisions of which are quoted herein-above. Specifically, applicants are entitled to a temporary restraining order upon furnishing an appropriate bond and to be heard on their petition for a preliminary injunction.
As pointed out in an opinion of the Third Circuit, Loeblich v. Garnier, La.App., 113 So.2d 95, 98 (1959), with Judge Tate, now an associate justice of the Supreme Court, as the author of the opinion:
", . . It is well settled that, even against the lawful owner, one who has been in possession of property for over one year has a cause of action to prevent an illegal disturbance of that possession and to recover damages resulting from such disturbance, and that, consequently in such actions title is not at issue when (as here) timely objections is [sic] made by plaintiffs to evidence concerning title. Esmele v. Violet Trapping Co., 184 La. 491, 166 So. 477, and the many cases cited therein; see, also, Grant Timber & Mfg. Co. v. Gray, 131 La. 865, 60 So. 374, affirmed 236 U.S. 133, 35 S.Ct. 279, 59 L.Ed. 501; cf., LSA-C.C. Arts. 3450, 3454, 3455; Code of Practice Art. 53. Such a possessor may protect his possession by injunction, even against the owner. C.P. Art. 298(5); Churchill Farms, Inc. v. Gaudet, 184 La. 984, 168 So. 123.”
In Churchill Farms v. Gaudet, 184 La. 984, 168 So. 123, 124 (1936), the Supreme Court of this State, through Associate Justice Odom, pointed out:
“. . . Under article 298 of the Code of Practice and under the settled jurisprudence of this state, one possessing real estate for more than a year as owner, whether the real owner or not, may protect that possession by injunction. Wemple v. Eastham et al., 144 La. 957, 81 So. 438; Brunning v. City of *798 New Orleans, 152 La. 989, 94 So. 909; Castell Land & Harbor Co. v. Roberts, 153 La. 115, 95 So. 421.”
Also appropriate here are the pronouncements of this court in Gillan v. Jones, 157 So.2d 598, 609 (1963—writ refused, 1964), by the late George W. Hardy, Jr., as the author of the opinion:
“The definition, conditions and proof essential to the prosecution of a posses-sory action were plainly and specifically set forth in Articles 6, 47, 49 and 53 of our Code of Practice, which have been incorporated in the new Code of Civil Procedure. These articles are further implemented by the provisions of LSA-C.C. Articles 3437 and 3498.
“The elements of the possessory action have many times been considered and enunciated in our jurisprudence, and it is well established, beyond any possible question, that one who has possessed immovable property for more than one year has a cause of action against an illegal disturbance of that possession, and the right to recover damages resulting therefrom, even against the lawful owner. Esmele v. Violet Trapping Co., Inc., 184 La. 491, 166 So. 477, and authorities cited; Loeblich v. Garnier (La.App. 1st Cir., 1959), 113 So.2d 95; Missouri Pacific Railroad Co. v. Littleton (La.App. 2nd Cir., 1960), 125 So.2d 37, and authorities cited.”
For the reasons assigned, the writs of certiorari, mandamus, and prohibition are perpetuated and made final; and
Accordingly, the Hon. James R. Alexander, Judge of the First Judicial District Court in and for Caddo Parish, Louisiana, is instructed and directed to forthwith grant the temporary restraining order prayed for herein upon applicants’ furnishing bond in accordance with law, and to fix the rule for a preliminary injunction for trial in accordance with law. Pending the signing of such order by the district judge, the stay order previously rendered by this court shall remain in effect.
Respondent, Virl Roberts, is assessed with the cost of this proceeding as incurred in this court.
Writs perpetuated and made final.