AYRES, Judge.
This is an action in eviction. In view of the pendency of an action relative to title or right of possession of the property of which defendants were sought to be dispossessed, writs of certiorari, prohibition, and mandamus were again issued to afford an opportunity to review questions pertaining to the regularity or validity of the proceedings and particularly as to whether compliance had been had with a former order of this court.
In granting writs under date of June 20, 1973, as originally prayed for, this court issued the following order:
“Let alternative writs of certiorari, prohibition and mandamus issue herein as prayed for, directed to the Honorable James R. Alexander, Judge, First Judicial District Court, in and for the Parish of Caddo, State of Louisiana, ordering that he show cause on or before Thursday, June 28th, 1973, at 9:30 a. m., why the relief prayed for should not be granted. It is further ordered that a hearing be had on the same day and hour as above shown.
“IT IS FURTHER ORDERED that all proceedings in this cause be stayed and suspended, and further action is hereby prohibited pending judgment of this Court perpetuating or recalling the writs above described.
“IT IS FURTHER ORDERED that all proceedings in the cause of VIRL ROBERTS V. HERBERT REEVES WOODELL, ET AL, No. 214,220 on the docket of the First Judicial District Court, Parish of Caddo, State of Louisiana, be and they are hereby stayed and prohibited pending judgment of this Court perpetuating or recalling the writs above described.”
In that proceeding, before this court, 283 So.2d 795, we pointed out:
“Plaintiffs, Herbert Reeves Woodell, Sr. and Jr., allegedly in possession as owners since the year 1914 of. a tract of land situated in Caddo Parish, Louisiana, instituted a possessory action against. Virl Roberts, who allegedly disturbed their possession within the year preceding the filing of this action. The disturbance is alleged to have consisted of an action instituted by Roberts to evict them from the property. Plaintiffs prayed for a temporary restraining order and, after due proceedings, a preliminary injunction restraining defendant from evicting them during the pendency of the suit. The district judge refused to sign an order granting the temporary restraining order or setting the rule for a preliminary injunction for hearing.
“In an application to this court for remedial writs, applicants, the Woodells, show that a writ of possession issued based upon a judgment rendered in the eviction, a summary proceeding, and that, unless the writs applied for were granted, they would forthwith and summarily be dispossessed and evicted from the property.”
Accordingly, the trial court was “ . . . instructed and directed to forthwith grant the temporary restraining order prayed for herein upon applicants’ furnishing bond in accordance with law, and to fix the rule for a preliminary injunction for trial in accordance with law. Pending the signing of such order by the district judge, the stay order previously rendered by this court shall remain in effect.”
In a subsequent application for writs of certiorari, prohibition, and mandamus filed on December 18, 1973, it was made to appear that following our order staying the proceedings in the action of eviction, the court, contrary thereto and contrary to the decree formally and formerly rendered by this court, did, on November 29, 1973, issue a writ or warrant for possession directed to the Sheriff to remove the Woodells from the property and to place Roberts in possession thereof. Upon the Woodells’ again making application to this court for *465 appropriate writs, this court issued the following order:
“Let writs of certiorari, prohibition and mandamus issue herein, and accordingly the Honorable James R. Alexander, Judge of the First Judicial District Court is ordered to show cause on January 18, 1974, why the Warrant of Possession issued on November 29, 1973, in Suit 214,220 should not he vacated as being contrary to the judgment of this Court, rendered on September 11, 1973, in Suit 12,173. The execution of the warrant of possession is hereby stayed pending the further action of this court.”
The purpose of our orders in the issuance of writs of certiorari, prohibition, and mandamus was to require that prior to the Woodells’ dispossession of the property their right to possession thereof be first determined in the possessory or petitory action.
It therefore follows that the writ or warrant of possession issued on November 29, 1973, and all actions and proceedings had and orders issued since our stay order of June 20, 1973, relative to the eviction of the occupants of the property, are in violation of the order and judgment and are hence null and void (Beene v. Pardue, 226 La. 606, 76 So.2d 902, 904 [1954]) and are now vacated, annulled, and set aside.
Accordingly, it is again ordered'that the Hon. James R. Alexander, Judge, First Judicial District Court in and for Caddo Parish, Louisiana, be, and he is hereby, instructed and directed to forthwith grant the temporary restraining order as prayed for by the applicants, Herbert Reeves Woodell, Sr., and Herbert Reeves Woodell, Jr., upon applicants’ furnishing bond in accordance with law, and to order and fix for hearing a rule for a preliminary injunction; and, in the meantime, all actions and proceedings against the applicants Woodells for their eviction from the property concerned are stayed, and thereafter their rights, whether as to injunctive relief or upon a trial of the merits of the controversy, shall be determined in due course of the law.
It is further ordered, adjudged, and decreed that the writs of certiorari, prohibition, and mandamus heretofore issued be, and they are hereby, perpetuated and made final. All costs of this proceeding are assessed against the respondent, Virl Roberts.
Writs perpetuated and made final.