STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NOS. 2021 CA 0158
& 2020 CW 0540

GUSTAVE J. LABARRE, JR., ET AL.

VERSUS

OCCIDENTAL CHEMICAL COMPANY, ET AL.

*Judgment Rendered:* OCT 0 8 2021

* * * * * * * *

Appealed from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Case No. 33796

The Honorable Jason Verdigets, Judge Presiding

* * * * * * * *

Judy Y. Barrasso                    Counsel for Defendant/Appellant
Steven W. Usdin                     Liberty Insurance Underwriters, Inc.
Stephen R. Klaffky
Steven L. Miles
Anna F. Cavner
David N. Luder
Kyle L. Wallace
New Orleans, Louisiana

Thomas M. Flanagan
New Orleans, LA

Donald T. Carmouche                 Counsel for Plaintiffs/Appellees
Victor L. Marcello                  Gustave J. Labarre, Jr., et al.
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen

Leah C. Poole
Caroline H. Martin
Baton Rouge, Louisiana

Thomas Daniel Davis
Paincourtville, Louisiana

\* \* \* \* \* \* \* \*

**BEFORE:  GUIDRY, WELCH, AND THERIOT, JJ.**

**THERIOT, J.**

Defendant-appellant, Liberty Insurance Underwriters, Inc. ("Liberty"), seeks review of a district court judgment finding plaintiffs-appellees, Gustave J. Labarre, Jr., et al.'s (collectively, "plaintiffs"), claims against Liberty, as asserted in their Thirteenth and Fourteenth Supplemental and Amending Petitions for Damages, are moot based on a separate declaratory ruling made by the district court against Liberty's insured, Texas Brine Company, LLC ("Texas Brine"). Furthermore, Liberty seeks review of an evidentiary ruling likewise made by the district court purportedly in violation of this court's prior stay order. For the following reasons, we vacate the judgment in part, and remand for further proceedings. Additionally, the accompanying writ application referred to this panel is denied.

## FACTS AND PROCEDURAL HISTORY

This appeal is one of many arising from the Bayou Corne sinkhole which developed on August 3, 2012, following the collapse of a salt mine cavern connected with Texas Brine's operation of a brine production well. On August 6, 2012, plaintiffs, certain landowners in Assumption Parish, instituted this suit for damages against Texas Brine, among others, arguing that because of its improper brine mining operations and oil and gas exploration and production, their properties have been contaminated or otherwise damaged. Liberty, as the insured of Texas Brine, was later joined as a defendant, filing an Answer on October 21, 2014. In February 2017, plaintiffs reached a settlement (the "Settlement Agreement") with Liberty, whereby Liberty agreed to pay a sum of money to plaintiffs in exchange for their dismissal of certain claims against Liberty and Texas Brine. Further, the Settlement Agreement specifically reserved unto plaintiffs all of their rights against Texas Brine to the extent there is collectible insurance under Texas Brine's pre-2012 policies. The Settlement Agreement is not the subject of the current dispute, as on March 15, 2017, the district court signed a

3

judgment stating: "[the] plaintiffs' claims asserted against defendant [Liberty] be and hereby are **DISMISSED** with prejudice, each party to bear its own costs."

A second agreement, the Tripartite Agreement ("Tripartite Agreement"), was also executed in February 2017, upon which the present dispute centers. Therein, plaintiffs, Texas Brine, and Liberty, agreed that, among other issues, Liberty would assign to plaintiffs its subrogation, contribution, and contractual rights against Texas Brine's pre-2012 insurers and further provided that, in exchange for such transfer of rights, plaintiffs would remit a portion of amounts received from Texas Brine's pre-2012 insurers to Liberty within seven days of receipt.

In the months that followed, plaintiffs continued pursuing their claims against Texas Brine and its pre-2012 insurers for damage occurring to their property prior to the sinkhole's appearance, specifically mediating some of these claims ahead of an October 2018 trial. However, in anticipation of potential settlements, on August 3, 2018, Liberty sent a letter to plaintiffs' counsel claiming the Tripartite Agreement "would preclude a settlement by your clients directly with Zurich and AIG (that circumvented [Liberty] and the Texas Brine Parties) where your clients did not remit funds to [Liberty] and the Texas Brine Parties as required" by the Tripartite Agreement. Liberty continued, "[s]uch a settlement would violate the Tripartite Agreement, and subject your clients to a breach of contract claim[.]" Liberty concluded its letter, encouraging plaintiffs to pursue settlement with Texas Brine's pre-2012 insurers, but noted, "[i]f you decide, however, to attempt to settle with [Texas Brine's pre-2012 insurers] without remitting payment to [Liberty], [Liberty] will have no choice but to take actions to enforce its rights under the Tripartite Agreement."

Thereafter, on August 9, 2018, plaintiffs filed a motion for leave to file a Thirteenth Supplemental and Amending Petition for Damages ("Thirteenth

4

Petition"), and which the district court set for hearing on November 28, 2018. The Thirteenth Petition did not name any new defendants, but sought a judgment declaring that: (1) plaintiffs have no obligation under the Tripartite Agreement to pursue any of the subrogation or contribution claims assigned therein, (2) neither the Tripartite Agreement nor any other agreement gives Liberty or Texas Brine the right to collect any portion of the monies awarded or otherwise paid in satisfaction of plaintiffs' claims against Texas Brine for insurance liability for pre-2012 damages, and (3) the only money that Liberty and Texas Brine could potentially claim a percentage of would be money paid in satisfaction of the Liberty subrogation and contribution claims assigned under the Tripartite Agreement. On October 25, 2018, plaintiffs filed a motion seeking leave to file the Fourteenth Supplemental and Amending Petition ("Fourteenth Petition"), which was also set for hearing on November 28, 2018. The Fourteenth Petition named Liberty as a defendant and reiterated plaintiffs' claims for declaratory relief as asserted in the Thirteenth Petition. On November 28, 2018, the district court granted both motions, granting plaintiffs leave to file both the Thirteenth and Fourteenth Petitions, and signed a judgment in conformity therewith on January 8, 2019.

Prior to leave being granted for the Thirteenth and Fourteenth Petitions, on September 13, 2018, Liberty filed an action in federal district court against plaintiffs likewise seeking declaratory and injunctive relief and damages, asserting that plaintiffs were engaged in settlement discussions and have threatened to breach their contractual and confidentiality obligations under the Tripartite Agreement. Specifically, Liberty sought an "injunction mandating that [plaintiffs] remove their proposed [Thirteenth Petition] from the public docket in the LaBarre Case, and prohibiting [plaintiffs] from any further disclosure or dissemination of the terms of the Settlement Agreement and Tripartite Agreement[,]" and a declaration that "the Tripartite Agreement requires [plaintiffs] to pay Liberty as set

5

forth therein in the event of any recovery from Texas Brine's pre-2012 insurers[.]" Additionally, Liberty requested that if the federal district court interpreted the Tripartite Agreement to permit plaintiffs "to circumvent their payment obligations to Liberty, [to] reform the Tripartite Agreement to reflect the parties' mutual intent that the [plaintiffs] would pay Liberty in the event of any recovery from Texas Brine's pre-2012 insurers, regardless of the legal theories or causes of action asserted or allegedly resolved against the pre-2012 insurers[,]" and, otherwise, to rescind the Settlement Agreement as executed between plaintiffs and Liberty.

On February 27, 2019, while the state and federal court actions were proceeding simultaneously, Liberty filed an exception of improper cumulation, including improper joinder of parties, in the state court proceeding. Liberty argued the claims advanced by plaintiffs in their Thirteenth and Fourteenth Petitions, regarding the interpretation of the Tripartite Agreement, were improperly cumulated with plaintiffs' main demand against other defendants, which involve issues of causation, damages, and insurance coverage arising out of the 2012 sinkhole. Alternatively, Liberty filed an exception of lis pendens, arguing these claims should be stayed because of Liberty's earlier-filed federal action. On March 27, 2019, the district court denied both exceptions, as well as a request from Liberty for a stay pending resolution of the federal action, and signed a judgment in conformity therewith on April 22, 2019. Liberty then filed an application for supervisory review with this court. On August 22, 2019, this court issued the following stay order:

> **WRIT GRANTED WITH ORDER.** The portion of the trial court's April 22, 2019 judgment which denied the exception of lis pendens filed by Liberty Insurance Underwriters, Inc. is reversed. The exception of lis pendens is granted[,] and the claims of plaintiffs asserted against Liberty Insurance Underwriters, Inc. in the Thirteenth and Fourteenth Petitions are hereby stayed until the action pending in federal court between these parties has been discontinued or final judgment has been rendered.

**Labarre v. Occidental Chemical Company**, 2019-0533 (La. App. 1st Cir. 8/22/19), 2019 WL 3973996 (unpublished).

With only the federal action proceeding, the state district court signed a judgment on December 18, 2019, stating the "stay granted by the First Circuit remains in effect until the final appeal process has been concluded in the federal action[,]" and further granted Liberty's Motion to Continue Briefing Deadlines and the hearing on the plaintiffs' Motion for Partial Summary Judgment and Motion to Interpret the Tripartite Agreement, as to Liberty, without date.

On the same date, the district court heard arguments on two motions filed by plaintiffs: a Motion to Interpret the Tripartite Agreement and Determine if the Terms are Ambiguous ("Motion to Interpret") and a Motion for Partial Summary Judgment, previously filed by plaintiffs on July 3, 2019 and August 20, 2019, respectively. These motions, filed against Liberty and Texas Brine, sought a judgment from the state district court as to whether the terms of the Tripartite Agreement are ambiguous and, further, a declaration that "plaintiffs have no obligation under the Tripartite Agreement to pursue any subrogation or contribution claims assigned therein[,]" and that "the Tripartite Agreement repayment provisions only pertain to [Liberty's] subrogation, contribution[,] and contractual claims assigned therein." Although this court previously entered a stay on its behalf, out of an abundance of caution, Liberty filed an opposition, along with several exhibits, to plaintiffs' Motion for Partial Summary Judgment. Despite this court's stay order and its own acknowledgement of the stay as remaining in effect as to Liberty, following a hearing on December 18, 2019, the district court signed a judgment on February 19, 2020, as follows:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion to Determine Ambiguity is **GRANTED** in favor of Plaintiffs and against Texas Brine. Specifically, the Court finds that the Tripartite Agreement is unambiguous and that extrinsic evidence is not admissible to determine the parties' intent.

In light of the Court's determination that the Tripartite Agreement is unambiguous and that extrinsic evidence is not admissible to determine the parties' intent, and on oral motion by the Plaintiffs to strike extrinsic evidence attached as exhibits to the Opposition to Plaintiffs' Motion for Partial Summary Judgment filed by Liberty Insurance Underwriters, Inc. and adopted by Texas Brine;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Plaintiffs' Motion to Strike is **GRANTED.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Plaintiffs' Motion for Partial Summary Judgment is **GRANTED** in favor of Plaintiffs and against Texas Brine. The Court renders summary judgment granting the claims of Plaintiffs asserted against Texas Brine in the Thirteenth Supplemental and Amended Petition and declaring that[:] (1) Plaintiffs have no obligation under the Tripartite Agreement to pursue any subrogation or contribution claims assigned therein, and (2) the Tripartite Agreement repayment provisions only pertain to Liberty Insurance Underwriters, Inc.'s subrogation, contribution[,] and contractual claims assigned therein. The claims of Plaintiffs asserted against Liberty Insurance Underwriters, Inc. in the Thirteenth and Fourteenth Supplemental and Amending Petitions are moot.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, finding no reason for delay, designates this Judgment as a final judgment pursuant to the provisions of LSA-CCP art. 1915(B).

In response, on June 9, 2020[1], Liberty filed a Motion and Order for Devolutive Appeal of the district court's February 19, 2020 judgment.

Prior to Liberty's appeal, on March 10, 2020, Liberty filed a Motion to Enforce Stay and Partial Annulment of Judgment seeking to "enforce the stay entered by the First Circuit Court of Appeal ..., by requesting the Court remove any suggestion in its February 19, 2020 Judgment that Liberty's rights have been adjudicated and, similarly, to annul the Judgment to the extent it addresses

---

[1] Liberty's motion is timely filed pursuant to La. Code Civ. P. art. 2087(A)(1), which provides that the delay for filing a devolutive appeal is sixty days from expiration of the delay for filing an application for new trial under Article 1974. Here, the district court's February 19, 2020 judgment was mailed on February 26, 2020, and the 60-day appeal period began to run following the delays for a new trial on March 7, 2020. Nine days later, Governor Edwards suspended all legal deadlines arising under the Louisiana Code of Civil Procedure until April 13, 2020, due to the COVID-19 pandemic. See Proclamation No. JBE 2020-30. The Governor subsequently extended the suspension through additional emergency orders until June 15, 2020. See Proclamation No. 52 JBE 2020; Proclamation No. 59 JBE 2020; Proclamation No. 75 JBE 2020. Liberty filed its Motion for Devolutive Appeal while the suspension of these legal deadlines remained in effect.

8

Liberty's rights in violation of the First Circuit Stay." Stating clearly, "Liberty seeks no relief here other than enforcement of the First Circuit Stay, annulment of the Judgment as it relates to Liberty, and the attorneys fees it has incurred responding to the Judgment during the First Circuit Stay – it does not ask the Court to reconsider the Judgment to the extent it resolves plaintiffs' claims against Texas Brine." The district court denied Liberty's motion on "procedural grounds" in a judgment signed on June 15, 2020. Liberty filed an application for supervisory review, which this court referred to the panel to which the yet to be lodged appeal is assigned. See **Gustave J. Labarre, et al. v. Occidental Chemical Company, et al.**, 2020-0540 (La. App. 1st Cir. 08/28/20).

## ASSIGNMENTS OF ERROR

Liberty assigns the following as error:

(1) The district court violated this court's earlier order in that all claims arising out of plaintiffs' Thirteenth and Fourteenth Petitions were expressly stayed as to Liberty.

(2) The district court entered an absolutely null judgment, committing reversible error by issuing a judgment during the stay, declaring plaintiffs' claims against Liberty to be moot, and striking exhibits from Liberty's previously-filed brief.

## DISCUSSION

Despite the lengthy factual and procedural background presented above, the analysis required by this court is straightforward. It is undisputed that this court stayed plaintiffs' claims against Liberty arising out of the Thirteenth and Fourteenth Petitions "until the action pending in the federal court between these parties has been discontinued or final judgment has been rendered[,]" that the district court continued all hearings as to Liberty without date, and that plaintiffs prosecuted their underlying motions only against Texas Brine. Although plaintiffs contend that the instant judgment is "very specific in that it pertains only to the claims asserted against Texas Brine[,]" and that "[i]n no way does the [j]udgment

9

limit or affect Liberty's right to litigate the meaning of the Tripartite Agreement[,]" we disagree. This court's previous order stayed plaintiffs' claims against Liberty arising out of the Thirteenth and Fourteenth Petitions; therefore, the district court's February 19, 2020 judgment which renders moot plaintiffs' claims against Liberty, as well as strikes exhibits filed by Liberty in opposition to plaintiffs' Motion to Interpret and Motion for Partial Summary Judgment, is in direct violation of this court's stay order. A trial judge is not at liberty to ignore the controlling jurisprudence of superior courts. **In re State ex rel. A.J.**, 2009-0477 (La. 12/1/09), 27 So.3d 247, 256 n. 17. Moreover, this court recently granted supervisory writs in another sinkhole-related case, holding the district court erred by asserting jurisdiction over tort-related claims between Texas Brine and another party after this court previously stayed "[a]ll causes of action" between those parties pending arbitration. **Assumption Parish Police Jury v. Texas Brine Company, LLC**, 2020-1159 (La. App. 1st Cir. 2/22/21), 2021 WL 673464, at *1 (unpublished), writ denied, 2021-00577 (La. 6/29/21), 319 So.3d 302 and **Assumption Parish Police Jury v. Texas Brine Company, LLC**, 2018-0364 (La. App. 1st Cir. 3/19/19), 2019 WL 1306141, at *2 (unpublished), writ denied, 2019-00958 (La. 9/24/19), 279 So.3d 936. See also **Roberts v. Woodell**, 290 So.2d 463, 465 (La. App. 2d Cir. 1974) (appellate court found that a writ or warrant of possession issued after that court's stay order, was in violation of the order, and therefore, null and void, vacated, and set aside).

## DECREE

Pursuant to this court's prior action in **Labarre v. Occidental Chemical Company**, 2019-0533 (La. App. 1st Cir. 8/22/19), 2019 WL 3973996 (unpublished), the claims of plaintiffs asserted against Liberty in the Thirteenth and Fourteenth Supplemental and Amending Petitions were stayed until the parallel action in federal court between these parties has been discontinued or final

10

judgment as been rendered. As this criteria has not been satisfied, the portions of the district court's February 19, 2020 judgment affecting Liberty, including any evidentiary ruling as to exhibits submitted by it and the mootness of claims against it, are vacated, as such rulings are in violation of this stay. The matter is remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal are assessed to plaintiffs, Gustave J. Labarre, Jr., et al.

**JUDGMENT VACATED IN PART AND REMANDED; WRIT APPLICATION DENIED.**